DEBORAH MARIE FALCO
DEFENDANT/APPELLANT PRO SE
VS.
STATE OF TEXAS

\*
\*
\*
\*

IN THE COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS
CAUSE NO. ___75551-CR-A___

MEMORANDUM OF LAW IN SUPPORT OF
C.C.P. art. 11.07 STATE WRIT OF HABEAS CORPUS

COMES NOW, APPELLANT, DEBORAH MARIE FALCO, TDCJ-ID NO.2149904 BEING PRESENTLY INCARCERATED IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION: CAROLE YOUNG MEDICAL FACILITY, 5509 ATTWATER AVE. DICKINSON, TEXAS 77539.UNDER THE CARE AND CUSTODY OF DIRECTOR OF CORRECTIONAL INSTITUTIONAL DIVISION: BOBBY LUMPKIN, P.O. BOX 99, HUNTSVILLE,TX.77342,PHONE(936)437-6325. AND SENIOR WARDEN OF CAROLE YOUNG UNIT, ANGELA CHEVALIER(UNIT ADDRESS AS ABOVE).

APPELLANT SUBMITS THIS COLLATERAL APPEAL, STATE HABEAS CORPUS PURSUANT TO VERNON'S ANN. C.C.P. art. 11.07 SECTION 3(d), CHALLENGING HER CONVICTION AND SENTENCE DUE TO PREVIOUSLY UNRESOLVED FACTS MATERIAL TO THE LEGALITY OF THE CONFINEMENT AND CONVICTION. CLAIMS OF CONSTITUTIONAL DIMENSIONS. THE PURPOSE SERVED BY HABEAS CORPUS IS LIMITED AND LIES TO REVIEW JURISDICTIONAL DEFECTS OR DENIAL OF FUNDAMENTAL OR CONSTITUTIONAL RIGHTS. TEX.C.C.P. ANN.art.11.07; EX PARTE TOVAR, 901 S.W.2d 484,485(TEX.CR.APP.1995);CITES EX PARTE WATSON,601 S.W.2d 350(TEX.CR.APP.1980). HABEAS CORPUS IS AN ATTACK BY A PERSON IN CUSTODY UPON THE LEGALITY OF THE CUSTODY.[CONVICTION] AND TO "PRESENT A COGNIZABLE HABEAS CORPUS CLAIM, A PETITION MUST SHOW A JURIS-DICTIONAL DEFECT IN A CONVICTING COURT OR THE DENIAL OF A FUNDAMENTAL OR CONSTITUTIONAL RIGHT."TEX.C.C.P. art. 11.07; EX PARTE WILLIAMS,65 S.W.3d 656,657,(TEX.CRIM.APP.2001)(FT.NOTE 2 CITES EX PARTE LOCKETT,956 S.W.2d, 41,42)(TEX.CRIM.APP.1997).

PROCEDURAL HISTORY

APPELLANT WAS CONVICTED IN TRIAL COURT CAUSE NO.75551-CR, FOR THE OFFENSE OF AGGRAVATED KIDNAPPING ON 8/4/2017, IN THE 412 JUDICIAL DISTRICT COURT, IN THE STATE OF TEXAS, COUNTY OF BRAZORIA.CONVICTION WAS AFF-IRMED 8/28/2018, AFTER DIRECT APPEAL #14-17-00665-CR, IN THE 14th DISTRICT HARRIS COUNTY, TEXAS COURT OF APP-EALS. NO PETITION FOR DISCRETIONARY REVIEW FILED. SENTENCED TO 30 YRS. TDCJ-ID AND $10,000.00 FINE.

THE WRIT

APPELLANTS BASIS FOR THIS WRIT OF HABEAS CORPUS IS THAT TX. LAW PROVIDES THAT A LIMITED CLASS OF ERRORS MAY BE PRESENTED FOR THE FIRST TIME ON APPEAL; ALTHOUGH THE ERRORS WERE NOT PRESERVED.(ONE ERROR WAS PRESERVED THE MOTION FOR SUPPRESSION OF DEFENDANTS STATEMENT GIVEN TO DETECTIVE McGRAEL,ALTHOUGH THE MOTION WAS DENIED) (SEE EXHIBIT #6)(ONE OF THE UNPRESERVED ERRORS WAS DEFENDANT BEING DENIED A CALL,PRIOR TO DETECTIVES INTER-VIEW WITHOUT AN ATTORNEY PRESENT:NO CALL NO ATTORNEY)THE LIMITED CLASSIFICATION.MARIN V.STATE,851 S.W.2d,275, 278-9(TEX.CRIM.APP.1993)(OVER RULED ON OTHER GROUNDS);CAIN V.STATE,947 S.W.2d 262,264)(TEX.CRIM.APP.1997) (LEFT MARINS CLASSIFICATION INTACT);[2] (BIRDSONG V.STATE,82 S.W. 3d,538,542(TEX.APP.AUSTIN.2002).[3]

1.APPELLANTS RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW ARE ALSO OF THESE 1rst 2 CLASSIFICATIONS:THE "ABSOLUTE AND WAIVABLE RIGHTS".MARIN ID.SEE ALSO U.S.C.A. CONST.AMENDMENTS 5 AND 14.
2.COURT OF CRIMINAL APPEALS CITES MARIN IN THIS WAY AND CAIN LEFT MARINS CLASSIFICATION OF RIGHTS UNDISTURBED.
3.BIRDSONG SUPRA AT 542 AND TEX.R.APP.P. 33.1 REQUIRING PRESERVATION OF ERROR DOESN'T APPLY TO RIGHTS FALLING WITHIN THE FIRST 2 CLASSIFICATIONS OF MARIN SUPRA AT 279-80.(CITES PREDECESSOR TO RULE 33.1 TEX.R.APP.P.)

THE LIMITED CLASS OF ERRORS ARE 3 CLASSIFICATIONS OF RIGHTS.(FROM MARIN ID): #1.ABSOLUTE RIGHTS, (ARE NOT OPTIONAL AND CANNOT BE WAIVED OR FORFEITED BY DEFENDANTS AND INCLUDES JURISDICTIONAL AND DUE PROCESS)#2.WAIVABLE RIGHTS(WHICH MAY ONLY BE SURRENDERED BY AFFIRMATIVE,PLAIN,FREE AND INTELLIGENT WAIVER)#3.FORFEITABLE RIGHTS(MUST BE REQUESTED BY DEFENDANT AND INCLUDE MOST PROCEDURAL AND EVIDENTIARY ISSUES AND MANY CONSTITUTIONAL RIGHTS) MARIN ID AT 278-80.

THE RIGHTS OF APPEAL FOR CRIMINAL DEFENDANTS IS CONFERRED BY TX. STATUTES:TEX.C.C.P.ANN.art.44.02 AND 44.07. THIS IS A BROAD RIGHT OF APPEAL, WITHOUT EXCLUDING APPELLATE REVIEW OF ALL COMPLAINTS, AND THE 2 CLASSIFICATIONS LISTED IN MARIN ID.(FIRST TWO CLASSIFICATIONS LISTED ABOVE) THE BROAD RIGHTS OF APPEAL INCLUDES EVEN COMPLAINTS NOT HAVING BEEN MADE FIRST TO THE TRIAL COURT, AND ARE NOT EXCLUDED. THE CONSTITUTIONAL RIGHT OF DUE PROCESS INCLUDES PRE-TRIAL AND ARREST RIGHTS.THE APPROPRIATE VEHICLE FOR TESTING DUE PROCESS VIOLATIONS IS VERNON'S ANN.C.C.P. art.11.07;EX PARTE BRANDLY,781 S.W. 2d,886,887(TEX.CRIM.APP.1989) (LEXIS 216,NO.70,719)(REHEARING DEN.1990);TX.V.BRANDLEY,CERT.DEN.498 U.S.817,112 S.CT.61(1990).

### STATEMENT OF THE CASE

I MET KARRI SCOTT, THE SO CALLED "VICTIM" IN THIS CASE, DEC.2014. I MET HER LIVE IN BOYFRIEND(CALLS HIM HER FIANCE) WILLIAM (BILLY) PALMER, PRIOR TO THIS. SCOTT TOLD ME SHE AND WILLIAM, WERE VERY GOOD "BOOSTERS", MEANING THEY STOLE FROM STORES: TOP TICKET ITEMS. THIS IS A WAY THEY SUPPORTED THEIR DAILY DRUG HABIT. I WAS UNDER THE IMPRESSION HER 2 CHILDREN LIVED WITH HER, WILLIAM AND ROBERT THOMPSON IN BRAZORIA. LATER I WAS TOLD SHE HAD LOST HER KIDS WHEN CHILD PROTECTIVE SERVICES HAD HER TESTED AND SHE FAILED MULTIPLE URINALYSIS, THAT WERE POSITIVE FOR METHAMPHETAMINE AND PRESCRIPTION DRUGS.

ON A PREVIOUS VISIT TO MY HOME IN LAKE JACKSON, I FOUND MS. SCOTT HAD STOLEN $1,500.00, FROM MY PURSE. I CONFRONTED HER ABOUT HER TAKING THE MONEY, IN FRONT OF MY BOYFRIEND, ROBERT McFERRAN.(JAN.2,2015) THIS WAS NOT THE 1rst TIME I SUSPECTED SHE STOLE FROM ME. SHE DENIED SHE HAD TAKEN THE MONEY, BUT SAID, SHE HAD "MOVED" MY PURSE WITHOUT MY PERMISSION AND WOULD TAKE RESPONSIBILITY FOR THE MISSING MONEY AND WOULD TAKE OUT A TITLE LOAN ON HER TRUCK, UNTIL SHE GOT HER V.A. CHECK. SHE LATER WILLINGLY SIGNED THIS DOCUMENT AND TOLD ME I WOULD ONLY HAVE THE TRUCK UNTIL MONDAY.

SCOTT AND MR. PALMER VISITED MY HOME SEVERAL TIMES. I HAD ONLY WENT TO THEIR PLACE ONCE: 1/9/2015.THEIR ROOMMATE, ROBERT THOMPSON(TOOMBSTONE) WHO I KNEW BEFORE; HE AND SCOTT SHOWED UP AT MY HOUSE. 1/9/2015.

EARLIER IN THE DAY, 1/9/2015, I PICKED UP 2 PISTOLS THAT I HAD BARTERED FOR, ONE HAD BEEN REPAIRED. THE OTHER COULD NOT BE FIXED. MY FRIEND JIMMY JOE GARCIA,(MY CODEFENDANT) AND TOOMBSTONE DISCUSSED THE REPAIR IN THE PRESENCE OF SCOTT AND MYSELF. THE GUNS NEVER LEFT MY RENTAL CAR, AND WERE THERE WHEN THE POLICE STOPPED MY CAR 1/10/2015, THE DAY OF THE SO CALLED KIDNAPPING.OFFENSE DATE 1/10/2015.

ON (1/9/2015) GARCIA AND TOOMBSTONE TOOK MY RENTAL CAR TO BRAZORIA WHERE THOMPSON LIVED WITH KARRI SCOTT AND PALMER. SCOTT AND I LEFT MY HOUSE ABOUT 20 MINUTES AFTER THEM, WE WERE IN SCOTT'S TRUCK. WHEN WE GOT TO BRAZORIA, WE ALL DID DRUGS TOGETHER. SCOTT HAD WANTED A TATTOO BUT HER ROOMIE, HAD ONLY BLACK INK. SHE HAD JUST MET GARCIA. SHE FOUND OUT HE WAS A TATTOO ARTIST AND HAD A LOT OF COLORS. SHE HIT IT OFF WITH GARCIA AND THERE WAS OBVIOUS FLIRTATION. THEY MADE A DEAL; HE WAS TO GIVE HER A FREE TATTOO. "WITH ALL THE PRETTY COLORS."HIS TATTOO GEAR WAS AT MY HOUSE AND GARCIA AND I LEFT FOR LAKE JACKSON TO GET HIS EQUIPMENT. I DID NOT KNOW SCOTT WAS FOLLOWING US, UNTIL SHE PULLED UP BESIDE MY CAR AT BUC-EE'S, ROLLED DOWN HER WINDOW & TOLD ME SHE WAS GOING

WITH US. WHEN GARCIA GOT BACK IN THE CAR, I TOLD HIM SCOTT WAS GOING TO FOLLOW US. HE LAUGHED AND SAID: "YEAH, SHE WANTS TO EARN THAT TATTOO."

WHEN WE GOT TO MY HOUSE WE DID MORE DRUGS. I MOVED HER TRUCK SO PALMER WOULD NOT COME GET IT BEFORE MONDAY.(PAYDAY) WHEN I GOT BACK, THE WAY THEY ACTED, I COULD TELL THEY HAD BEEN FOOLING AROUND. WE LOADED THE TATT STUFF TO TAKE BACK TO BRAZORIA TO DO TATTS. THE SURVEILLANCE OFFICER.[4.] CARLSON TALKS ABOUT US MAKING TRIPS TO AND FROM THE HOUSE TO THE CAR,& SOMEONE PACING ON THE FRONT PORCH. GARCIA AND I JOKED ABOUT GETTING "FREAKY".[5.] SCOTT KEPT UP THE SEXUAL ACTING: MADE A GAG BALL & ENTICED GARCIA TO TIE HER UP. SHE MOTIONED TO HIM SHE WAS READY. I HELPED HER INTO THE CAR. THEY BOTH HAD DRUGS WITH THEM.[6.] THEY HEADED TO JASMINE PARK.AS THEY DROVE OFF SCOTT WAVED AT ME, SO OBVIOUSLY SHE HAD GOTTEN OUT OF THE TIES. SEE APPELLANTS EXHIBIT #5,PG. 2.PAR.4,L.9-10. SHOWS SHE COULD GET OUT OF THE TIES. SHE GAVE GARCIA "ROAD HEAD"(ORAL SEX WHILE DRIVING) THEY SAW A COP FOLLOWING & BOTH ATE THEIR DRUGS. THE COP GETS GARCIA OUT OF THE CAR, ASKS "WHOSE THE GIRL?" GARCIA SAID:"I'M SANCHO"(LOVER) HE HANDCUFFED GARCIA[8.] AT HER CAR DOOR, THE COP ASKED FOR HER NAME:SHE RESPONDS, KARRI SCOTT, AND SHE SPELLS IT FOR HIM: KARRI SCOTT. HE ASK HER IF SHE IS OK. SHE SAYS "YES SIR".THE BANDANA GAG WAS AROUND HER NECK WITH THE BALL PART IN HER SEAT.

ONE OF THE THINGS HE (OFFICER WINGO) NOTES, IS THAT GARCIA'S PANTS ARE UNZIPPED.[9.] WINGO GOES AROUND TO THE PASSENGER WINDOW AND KNOCKED & ASKED SCOTT TO STEP OUT. SHE RESPONDS SHE COULD NOT, SHE WAS TIED.ABOUT THIS TIME SHE STARTS, HEAD DOWN, SLOWED RESPONSE. THE FEMALE COP NOTES SHE SOUNDS AND ACTS FUNNY. AND OFFICER CALLS 911. THE OVERDOSE OF ALL THE DRUGS SHE ATE, PLUS ALL THE OTHERS, HITS HER. SHE DID NOT COME UP WITH THIS KIDNAPP-ING THING UNTIL SHE REALIZED THERE WAS A POSSIBLE ARREST FOR HER. (11-12 MINUTES LATER)

THE DRUG OVERDOSE, THE 2 OF THEM(SCOTT AND GARCIA) SUFFERED DUE TO EATING THE DOPE THEY HAD ON THEM; WHICH CAUSED KARRI TO NEED EMS HELP AND GARCIA'S OVERDOSE SYMPTOMS CAME ABOUT 10-15 MINUTES AFTER SCOTT'S.AND BOTH

---

4.MS.CARLSON, THE STAKE OUT OFFICER WHO HAD BEEN WATCHING THE LAKE JACKSON HOUSE THAT NIGHT:TRANSCRIPT VOL.4, PG.92,L.13-16.

5.ALL 3 OF US(SCOTT,GARCIA AND MYSELF) KNOW THAT:OUR SEXUAL PRACTICES WERE:S&M/BONDAGE(SADOMASOCHISM).SEE EXHIBIT #1 AND #2.AND TRANSCRIPT VOL.4,PG.184,L.2-19.THESE ARE EXHIBITS TENDERED BY THE APPELLANT,ALONG WITH OTHERS SUCH AS THE SO CALLED "CASE SUPPLEMENTAL REPORT[S]"THAT WERE NOT INTRODUCED INTO EVIDENCE BY THE STATE,BUT ARE OF A PROBATIVE USE TO THE APPELLANT TO SHOW MITIGATING AND EXCULPATORY EVIDENCE VITAL TO THE FACTS THAT THIS CASE IS NOT A CASE OF KIDNAPPING,BUT IS S&M ROLE PLAYING AND CONSENSUAL,AS TO BOTH GARCIA AND SCOTT. EXHIBITS ARE OF VALUE TO POINT OUT DESCREPANCIES IN SCOTT'S STORY THAT WAS NOT HELPFUL TO THE PROSECUTION,BUT SHOWS THE "VICTIM IS NOT WORTHY OF BELIEF."(IMPEACHMENT PURPOSES) SEE ALSO SCOTT'S ADMISSION:VOL.4,PG.184,L.2-18.ADMITS SHE IS A THIEF,DRUG ADDICT AND INTO S&M/BONDAGE. LIKES TO BE TIED UP.VOL.4 PG.184,L.19-20.(PROOF)SCOTT IS NOT WORTHY OF BELIEF AND SHE LACKS CREDIBILITY)RANSOM V.STATE,789 S.W.2d,572,587(TEX.CR.APP.1989)CERT.DENIED 497 U.S.1010,110 S.CT.3255.111 L.ED. 2d,765(1990).THROUGHOUT SCOT'IS TESTIMONY THERE ARE CONFLICTS WITH THE FACTS SET DOWN IN POLICE REPORTS INCLUDING HER STATED REASON FOR GOING TO APPELLANTS HOME.(TO RETURN FALCO'S WEEDEATER,SHOWS THIS NOT TO BE TRUE BECAUSE IN HIS STATEMENT TO THE POLICE IN EXHIBIT #9,PG.13,PARAGRAPH 6,L.2. HER LIVE IN BOYFRIEND: PALMER RELATES HAVING PLAC-ED IT IN THE APPELLANTS RENTAL CAR WHERE IT STILL WAS WHEN THE CAR WAS STOPPED BY POLICE 1/10/2015.PALMER HAD NO IDEA ABOUT THIS REASON,TO RETURN THE WEEDEATER IN HER TRUCK.SEE:VOL.4,PG.142,L.2-3.(LIED ABOUT WHY WENT TO FALCO'S)

6.SCOTT HAD METH IN HER GLOVES VOL.4,PG.143,L.9-19,PG.146,L16-22.GARCIA:SUPP.REPORT PG.21,PAR.3,L.7.EXHIBIT #12.

7.GARCIA TOLD ME LATER.SEE EXHIBIT 12,PG.21,PAR.3,L.1:"SHE WANTED IT THAT WAY,SHE ROLE PLAYING,SHE IS A FREAK." AND "SHE BEGGED ME TO TIE HER UP AND TAKE HER SOMEWHERE.AND PULL HER HAIR & FUCK HER DOWN."S&M NOT ILLEGAL!

8.VOL.4,PG.200,L18-20.SHE WAS ABLE TO ANSWER AND SPELL OUT HER NAME,WHERE IS HER GAG BALL?WHERE IS THE BANDANA? (NOW WAS AROUND HER NECK)VOL.4,PG.120,L.13-18 AND GAG BALL WAS IN SEAT:SEE STATES EXHIBIT(3)PHOTOS 20&23.

9.GARCIA'S PANTS WERE UNZIPPED:VOL.4,PG.70,L.19-25. AND PG.71,L.1-8 & L.19-25[RELEVANT EVIDENCE]

SCOTT & GARCIA SENT 911.TRANSCRIPT:VOL.4,PG.63,L.3-6 & VOL.4,PG.106,L.18-25. THE ENTIRE ROLE PLAYING WAS CONSENSUAL. SEE SUPPLEMENTAL POLICE REPORT APPELLANTS EXHIBIT #12.PG.21.PAR.3,L.1."SHE WANTED IT THAT WAY SHE WAS ROLE PLAYING, SHE IS A FREAK. SHE BEGGED ME TO TIE HER UP & TAKE HER SOMEWHERE & PULL HER HAIR & FUCK HER DOWN."(FROM GARCIA'S JOJO'S STATEMENT) APP.EXHIBIT #12.SUPRA. ALSO FT.n.7.

APPELLANT, WHO WAS NOT WITH GARCIA AND SCOTT, BECAME CONCERNED WHEN GARCIA DID NOT CALL HER WHEN HE GOT TO BRAZORIA AS SHE HAD ASKED HIM TO.(BECAUSE HE WAS NOT LISTED AS AN AUTHORIZED DRIVER ON THE RENTAL AGREEMENT) SHE WAS TO HEAR LATER, ABOUT THE ARREST & ALTHOUGH SHE WAS NOT PRESENT WITH GARCIA & SO CALLED "VICTIM" SCOTT. WHEN THEY WERE STOPPED BY POLICE,(1/10/2015) SHE HEARD THEY WERE TRYING TO IMPLICATE HER AL-SO. SHE WAS SHOCKED ABOUT THE CHARGE OF KIDNAPPING.(KNOWING THE TRUTH ABOUT THE ROLE PLAYING:S&M/BONDAGE, SHE WANTED TO EXPLAIN THIS.) AND THE SOMEWHAT UNSAVORYNESS OF THIS IS NOT ILLEGAL! FALCO CALLED McGRAEL(THE DETECTIVE) TO TRY TO FIND OUT WHAT WAS GOING ON. SHE KNEW THE COUPLE HAD DONE DRUGS AND THEY HAD DRUGS WITH THEM WHEN THEY LEFT HER HOUSE IN LAKE JACKSON. FOR BRAZORIA. WHEN THEY WERE STOPPED THEY HAD APPARENTLY EATEN THEIR DRUGS AND OVERDOSED. SEE FT.NOTE 6.

WHEN GARCIA(JOJO) LEFT THE HOSPITAL AND WENT TO JAIL FOR THE CHARGE OF KIDNAPPING, HE MADE SEVERAL CALLS TO APPELLANT. NEITHER OF THEM COULD BELIEVE HOW SCOTT HAD LIED ABOUT BEING TIED AGAINST HER WILL AND BEING DRUG-GED. THE CALLS WERE TAPED BY BCDC(BRAZORIA COUNTY DETENTION CENTER), BUT WERE OF "NO VALUE" TO THEM.(THEY WERE EXCULPATORY IN NATURE.)

AFTER THIS, APPELLANT FALCO CONTACTED DAVID CUNNINGHAM,ATTORNEY AND HIRED HIM TO REPRESENT HER. CUNNING-HAM MADE A PHONE CALL TO DETECTIVE McGRAEL TO ADVISE HIM THAT HE WAS REPRESENTING FALCO AND ANY AND ALL QUEST-IONING OR INTERVIEWS WAS TO BE THROUGH HIS OFFICE, WITH ATTORNEY PRESENT. EXHIBIT #15,PG.24,PAR.4,POLICE SUPPLE-MENTAL REPORT.

### APPLICANTS ARREST & "INTERVIEW" &(INTERROGATION)

DETECTIVE PREPARED A PROBABLE CAUSE COMPLAINT 2/9/2015, AGAINST DEBORAH MARIE FALCO FOR AGGRAVATED KIDNAP-PING. VERNON'S TEXAS PENAL CODE (20.04)(a)(1-6)."FOR PURPOSES OF DETERMINING WHEN THE U.S.C.A. AMENDMENT 6 RIGHT TO COUNSEL ATTACHES, EXAMPLES OF ACTIONS WHICH MARK INITIATION OF FORMAL ADVERSARIAL PROCEEDINGS INCLUDE: FILING INDICTMENT,FILING INFORMATION, AND COMPLAINT, AND WARNING HEARING BEFORE MAGISTRATE AS TO DEFENDANTS RIGHTS. McFARLAND V.STATE,928 S.W.2d,482,507(CR.APP.1996),REHEARING DEN.CERTORARI DEN.117 S.CT. 966, 519 U.S.1119,136 L.ED.2d,851.ACCORDING TO McFARLAND,"FILING INFORMATION COMPLAINT" TRIGGERS AN ATTACHMENT OF THE U.S.C.A.CONST.AMEND,6 RIGHT TO THE ASSISTANCE OF COUNSEL. AND RIGHT TO HAVE COUNSEL PRESENT AT INTERVIEWS AND OR INTERROGATION,CITING KIRBY V.ILLINOIS,92 S.CT.1877,AT 1881-3,32 L,ED.2d,411(1972).

THE PROBABLE CAUSE COMPLAINT WAS THEN APPROVED BY THE DISTRICT ATTORNEY PAIGE SANTELL, WHO REVIEWED IT AND APPROVED 2/10/2015 08:47. WARRANT FOR ARREST #AL152133, WAS PREPARED AND TAKEN TO JUDGE JACK BROWN, JUSTICE OF THE PEACE 1-1 WHO SIGNED THE WARRANT AND ENTERED THIS INTO THE SYSTEM. SEE EXHIBIT #19.[INITIAL STEPS TO A PROS-ECUTION]. AND APPELLANT MAINTAINS U.S.C.A.CONST.AMEND.6 ATTACHES. HERE ALTHOUGH FALCO WAS NOT ARRAIGNED UNTIL SHE GOT TO THE COUNTY,FROM LAKE JACKSON- LATER THAT DAY, WHEN SHE APPEARED BEFORE JUDGE BROWN VIA VIDEO. ALAS, THE DETECTIVE HAD ALREADY, THROUGH DECEPTION, DID HIS INTERROGATION.A CIRCUMVENTING OF APPELLANTS U.S.CONST. 5th AND 6th AMENDMENT RIGHTS THAT COME INTO PLAY WITH CUSTODIAL INTERROGATION, RIGHT TO COUNSEL.APPELLANT HAD AL-READY BEEN TOLD,SHE COULD NOT MAKE A CALL UNTIL SHE GOT TO COUNTY AND HAD NO REASON TO DOUBT THIS,(DECEPTION).

AFTER THE PREVIOUSLY MENTIONED ARREST WARRANT WAS SERVED,2/10/2015,BY L.J.P.D. OFFICER(LEWIS) AND THE APPELLANT WAS TAKEN INTO CUSTODY; AT THE LAKE JACKSON POLICE DEPT.OFFICERS LEWIS, McCAIN & ROSS BOOKED HER INTO THE JAIL. DETECTIVE McGRAEL WAS ADVISED BY BOOKING, FALCO WAS BEING BOOKED. FALCO HAD BEEN TOLD DURING BOOKING THAT SHE COULD <u>NOT</u> MAKE A CALL UNTIL SHE GOT TO THE COUNTY JAIL(BRAZORIA COUNTY,ANGLETON,TX.)SEE <u>AFFIDAVIT APP.EXHIBIT #5,PG.3,PAR.7.APPELLANTS HAVING ASKED TO MAKE A CALL WAS AN ATTEMPT TO INVOKE CONSULTATION WITH HER RETAINED COUNSEL</u>. SHE WAS CRYING/HYSTERICAL SEE <u>EXHIBIT #17:MUG SHOT</u> WHEN SHE WAS ARRESTED.

McGRAEL WENT OVER TO BOOKING AND INTRODUCED HIMSELF TO FALCO. THE ONLY TIME SHE GIVES A YES ANSWER IS <u>VOL.2,PG.15,L.5-6. "A.SHE SAID SHE WANTED TO GET THIS CLEAR, YES, WHEN I INTRODUCED MYSELF[McGRAEL].IN THE BOOKING ROOM.'"YES'</u>WAS HER <u>ACKNOWLEDGEMENT OF HIS (DETECTIVE)INTRODUCING HIMSELF</u>. SHE HAD <u>NO MIRANDA[10]RIGHTS</u> AT THIS POINT AND HAD <u>ALREADY BEEN TOLD:NO PHONE CALL UNTIL SHE GOT TO COUNTY.AND DETECTIVE McGRAEL DID NOT GIVE HER THE INFORMATION OF HER ATTORNEY HAVING NOTIFIED HIM BY PHONE OF HIS ATTORNEY/CLIENT RELATIONSHIP(ALL WAS TO GO THROUGH HIS OFFICE)SEE EXHIBIT #15,PG.24,PAR.4.ASKED TO BE PRESENT AT ANY QUESTIONING OR INTERVIEWS.A FACT THAT WAS WITHHELD FROM THE APPELLANT.AND SOMETHING SHE NEEDED TO KNOW IN ORDER TO MAKE A KNOWING,FREE AND INTELL- IGENT WAIVER.</u>

PROPOSED GROUND OF ERROR ONE

IF <u>JURIST OF REASON COULD CONCLUDE UNDER MIRANDA RULE: APPELLANT STATEMENT TO DETECTIVE/SGT. McGRAEL WAS NOT A VALID WAIVER OF HER RIGHTS.THE VALIDITY OF HER ANSWER:"TO AN EXTENT",AS QUOTED IN THE TRIAL TRANSCRIPT VOL.2, PG.15,L.2.THIS WAS NOT A VALID WAIVER BECAUSE SHE NEVER ANSWERED IN THE AFFIRMATIVE. AND HER ANSWER WAS NOT CLARIFIED BY INVESTIGATOR,AS WAS NECESSARY TO ASCERTAIN WHICH RIGHTS SHE WOULD WAIVE AND TO WHAT "EXTENT" SHE WOULD WAIVE HER RIGHTS; UNCLARIFIED ANSWER CREATES ENOUGH DOUBT OF A VALID WAIVER, AND JUDGES DENIAL OF MOTION TO SUPPRESS IS [UNCOUNSELED STATEMENT] ERROR.</u>

<u>FACTS SUPPORTING GROUND OF ERROR ONE:</u>

WHEN DETECTIVE/SGT. McGRAEL TESTIFIED IN REFERENCE TO THE FACTS THAT HE DID NOT CLARIFY WHICH RIGHTS SHE WOULD AND WOULD NOT WAIVE. DETECTIVE STATED AT <u>VOL.2,PG.20,L.9-18;</u>AT THE PRETRIAL HEARING ON MOTION TO SUPPRESS,(<u>STATE- MENT OF APPELLANT EXHIBIT #6</u>)SGT. McGRAEL UNDER DEFENSE'S CROSS EXAMINATION, "OKAY.BUT WOULDN'T THE BETTER PROTOCOL FOR YOU TO HAVE BEEN TO STOP HER AT THIS POINT & JUST CLARIFY, EVEN THOUGH SHE'S READY TO GO AND TALK TO YOU,TO CLARIFY EXACTLY WHAT SHE MEANT BY TO SOME EXTENT? I MEAN BECAUSE DOESN'T IT SOUND LIKE TO YOU IF SOME- BODY SAYS, WELL I'M GOING TO GIVE UP MY RIGHTS TO SOME EXTENT THAT THEY ARE NOT DOING IT A HUNDRED PERCENT,VOL- UNTARILY AND INTELLIGENTLY?" "WELL, I'M NOT POSITIVE. THAT COULD POSSIBLY BE, YES.'Q.'OKAY,WELL, I GUESS YOU COULD HAVE ASKED HER, WELL TO WHAT EXTENT ARE YOU GIVING THEM UP AND TO WHAT EXTENT ARE YOU NOT GIVING THEM UP?" A.'I GUESS I COULD HAVE." [11]

PRE TRIAL AND TRIAL & HEARING ON MOTION TO SUPPRESS

APPELLANTS ATTORNEY AT THE HEARING WAS NOW:CRISPIN LINION(HAD TO GET A COURT APPOINTED ATTORNEY DUE TO HER RUNNING OUT OF MONEY)HE FILED THE MOTION TO SUPPRESS STATEMENT GIVEN TO DETECTIVE McGRAEL ON 2/10/2015 APP.EXHIBIT # AT THE HEARING ON THE MOTION TO SUPPRESS DETECTIVE TESTIFIED TO A QUESTION POSED BY THE DISTRICT ATTORNEY-

<u>10.MIRANDA V.ARIZONA,383 U.S.438,86 S.CT.1602(1966).FROM BLACKS LAW DICTIONARY:MIRANDA RULE..."IF THE SUSPECT IS NOT ADVISED OF THESE RIGHTS DOES NOT VALIDLY WAIVE THEM & EVIDENCE OBTAINED DURING INTERROGATION CANNOT BE USED AGAINST THE SUSPECT AT TRIAL(EXCEPT FOR IMPEACHMENT PURPOSES).</u>
<u>11.VOL.2,PG.15,L.5-6 AND VOL.2,PG.20,L.9-18.</u>

5.

"DO YOU REMEMBER HER[FALCO/APPELLANT] 'EXACT WORDS?' ANSWER:"SHE WANTED TO TALK TO ME, "TO AN EXTENT.'" VOL.2,PG.15,L.1-2.THERE WAS NO REASON NOT TO CLARIFY WHAT RIGHTS SHE WANTED TO WAIVE AND WHAT RIGHTS SHE WOULD NOT WAIVE. A VITAL PART OF DUE PROCESS AT PRE TRIAL IS THE ACCUSED BEING ADVISED OF THEIR RIGHTS PURSUANT TO TEXAS C.C.P. art.38.22.MIRANDA RIGHTS SHOULD NOT BE WAIVED BY AN UNCLARIFIED ANSWER OF "TO AN EXTENT",WHICH IS WHAT THE STATE ESSENTIALLY DID IN APPELLANTS CASE.ADD TO NON CLARIFICATION THE DENIAL OF A PHONE CALL.AND THE WITHHOLDING OF INFORMATION OF ATTORNEY CALL(EXHIBIT #15,PG.24,PAR.4,POLICE SUPPLEMENTAL REPORT).ALL OF THIS AMOUNTS TO INTERFERENCE WITH THE ATTORNEY/CLIENT RELATIONSHIP,IN VIOLATION OF THE U.S.CONST.AMENDMENT 5th AND 6th AMENDMENTS RIGHTS TO COUNSEL AT INTERROGATION.[UNCOUNSELED STATEMENT].

ISSUE:

IF JURIST OF REASON,COULD CONCLUDE WAIVER WAS INVALID; WHEN NO MIRANDA RIGHTS HAD BEEN GIVEN-VOL.2,PG.15,L.7-9 AT THAT POINT, AND THE ONLY ACKNOWLEDGING "YES" WAS GIVEN TO DETECTIVE McGRAEL INTRODUCING HIMSELF IN THE BOOKING ROOM.AND POLICE SHADY ATTEMPTS OF ACCEPTING A WAIVER OF RIGHTS PRIOR TO MIRANDA WARNINGS INVALIDATES ANY NON CLARIFIED WAIVER & MIRANDA WARNINGS MUST BE 1st NOT A SCENARIO OF PUTTING THE CART BEFORE THE HORSE AND ACCEPT-ING A WAIVER FROM AN ACCUSED WHO IS NOT MIRANDAIZED.

ARGUMENT GROUND OF ERROR ONE

THE TWO IDENTIFYING FEATURES OF A VALID MIRANDA WAIVER ARE: (1)IT MUST BE FREE, VOLUNARY,KNOWING AND INTELL-IGENTLY GIVEN[NOT FROM AN ACCUSED THAT HAS EVEN BEEN DENIED A PHONE CALL TO HER RETAINED ATTORNEY AS WAS APPLIC-ANT'S CASE]AND (2)IT MUST BE GIVEN WITH A CLEAR UNDERSTANDING OF THE RIGHTS SOUGHT TO WAIVE; UNDERSTANDING THE CONSEQUENCES OF THE WAIVER. THE TWO FEATURES WERE CLEARLY NOT PRESENT,SHOWN BY APPLICANTS [AMBIGUOUS]ANSWER:"TO AN EXTENT."BERGHUIS V:THOMPKINS,130 S.CT.2250,2260-1,(CITES N.CAROLINA,V.BUTLER,99 S.CT.1755,1758,(1979).

APPLICANT ASSERTS NON CLARIFICATION OF HER ANSWER;TO HER MIRANDA.: WARNINGS("TO AN EXTENT")VIOLATED HER U.S. C.A. CONST. AMENDMENT 5th & 14th AMENDMENT RIGHTS TO THE EQUAL PROTECTION AND THE DUE PROCESS OF THE LAW,BY DETECT-IVE'S NOT CLARIFYING HER ANSWER,WAS HARMFUEL AT A VITAL STAGE OF THE PROCESS.PRE TRIAL.APPLICANT WAS DENIED A CALL TO HER RETAINED COUNSEL.A CALL THAT WAS AN ATTEMPT TO INVOKE HER RIGHTS TO COUNSEL.AND COUNSEL MUST BE NOTIF-IED OF UPCOMING INTERROGATION,"A FACT THAT HAD BEEN MADE PLAIN TO McGRAEL BY RETAINED ATTORNEY'S PHONE CALL: EXHIBIT #15,SUPRA. AND THE DECEPTION BY THE LAKE JACKSON POLICE THAT SHE COULD NOT MAKE A CALL BEFORE SHE GOT TO THE COUNTY DENIED HER THE 6th U.S.C.A. CONST.AMENDMENT RIGHT TO COUNSEL AT A CRITICAL PERIOD IN THE PROCESS. "GOVERNMENT ATTEMPTS TO SECURE INCRIMINATING STATEMENTS FROM AN ACCUSED ARE AMONG THE PRE TRIAL PHASES TO WHICH THE S.CT. HAS EXTENDED THE U.S.CONSTITUTIONAL 6th AMENDMENT PROTECTION;MAINE V.MOULTON,474 U.S.159,170,106 S.CT. 477,AT 484(1985).

AT HEARING ON MOTION TO SUPPRESS:(STATEMENT EXHIBIT #6 WAS NOT A CONFESSION NOR WERE THERE ANY INCULPATORY STATEMENTS)SGT.DETECTIVE McGRAEL'S ACCEPTANCE OF NON-CLARIFIED STATEMENT OF"TO AN EXTENT",FROM A "YES"WHICH WAS IN ACKNOWLEDGEMENT OF HIS INTRODUCING HIMSELF, IN THE BOOKING ROOM,AS A WAIVER OF RIGHTS-WHEN AT THIS POINT,NO MIRANDA RIGHTS HAD BEEN GIVEN.THIS ACCEPTANCE OF WAIVER,PRIOR TO ANY MIRANDA RIGHTS BEING READ,INVALIDATES THE WAIVER.SEE VOL.2,PG.15,L.7-9,IS WHERE HE IS ASKED IF HE ACCEPTS THAT AS HER WAIVER.AND ACCUSED, HAVING BEEN DENIED A CALL TO HER COUNSEL OR BOYFRIEND,SO HE COULD CALL THE ATTORNEY,WAS THEN MANEUVERED BY THE DETECTIVE INTO

12.BERGHUIS V.THOMPKINS,130 S.CT.2250,2260-1(2010)(VALIDITY OF WAIVER HAS TWO DIMENSIONS)VOLUNTARY/UNDERSTANDS.
13.POWELL V.TEXAS ,780 S.W.2d,551(1989)(REPRESENTED DEFENDANTS COUNSEL MUST BE NOTIFIED OF ANY ATTEMPT AT INTERVIE INTERROGATION).109 S.CT.3147,AT 3149-50.(1989).

AN "INTERVIEW": A POLICE PLOY, TO BYPASS COUNSEL'S PRESENCE AT SO CALLED "INTERVIEW".A DECEPTION OF DELIBERATELY
DELAYING A CALL UNTIL DETECTIVE QUESTIONING TOOK PLACE AT LAKE JACKSON P.D. WITHOUT PRESENCE OF HER RETAINED
ATTORNEY,AND IS AN ATTEMPT TO VIOLATE THE RIGHT TO ADVERSARIAL RETAINED COUNSEL'S PRESENCE AT ANY INTERVIEW OR
INTERROGATION, DENIAL OF A& VIOLATION OF U.S.C.A.CONST.RIGHTS TO THE 5th,6th AND 14 CONST.AMENDMENT RIGHTS TO
DUE PROCESS AND THE EQUAL PROTECTION OF THE LAW AND ACCESS TO RETAINED COUNSEL,ESPECIALLY DURING POLICE INTERROG-
ATION .

    AFTER MIRANDA WARNINGS AT "INTERVIEW"HER ANSWER:"TO AN EXTENT"IS EVIDENCE OF HER NOT FULLY UNDERSTANDING:
HER RIGHTS AND THE CONSEQUENCES.MORAN V.BURBINE,475 U.S.412,424,106 S.CT.1135,AT 1142(1986).THE HARM: SHOWN BY [14.]
BEING DENIED ACCESS TO RETAINED COUNSEL AT A CRITICAL PERIOD IN THE PROCESS,PRE TRIAL;"TO DEPRIVE A PERSON OF COUN-
SEL DURING THE PERIOD PRIOR TO TRIAL MAY BE MORE DAMAGING THAN DENIAL OF COUNSEL DURING THE TRIAL ITSELF."MAINE V.
MOULTON,ID.U.S.AT 170,S.CT.AT 484,DENIAL OF THE SUPREME COURT'S EXTENDING THE U.S.CONST.6th AMENDMENT PROTECTION
TO THE PRE TRIAL PHASES OF THE PROCESS,IS EGREGIOUS CONSTITUTIONAL VIOLATION OF AN ACCUSED RIGHTS WHO DID SEEK TO
INVOKE HER RIGHT TO RETAINED COUNSEL BY TRYING TO GET A CALL, AND BEING DENIED A CALL.THE PREPONDERANCE OF THE
EVIDENCE OF HARM IS SHOWN BY HER AMBIGUOUS ANSWER TO MIRANDA:"TO AN EXTENT"AND THAT SHE HAD NO FULL UNDERSTANDING [15.]
OF THOSE RIGHTS,WITHOUT THE ADVICE OF HER ADVERSARIAL COUNSEL AT THIS CRITICAL STAGE,SHE COULDN'T "KNOWINGLY AND [16.]
INTELLIGENTLY" GIVE UP HER CONSTITUTIONAL RIGHTS AND HARM IS SHOWN BY HAVING NO ACCESS TO COUNSEL EVEN THROUGH A
PHONE CALL.DENIAL OF HER RETAINED ATTORNEY ADVOCACY OF THE U.S.C.A.CONST.5th,& 6th AMENDMENT ENTITLEMENT,DURING
CUSTODIAL INTERROGATION"CONTRIBUTED TO [HER]PRESENT CONVICTION OR THE PUNISHMENT.EX PARTE FIERRO,934 S.W. 2d,370,
374-5(TEX.CR.APP.1996).FIERRO V.TEXAS,117 S.CT.2517(1997).WITHOUT HER RETAINED COUNSEL BEING PRESENT,AND THE TOTAL- [17.]
ITY OF THE CIRCUMSTANCES SURROUNDING THE INTERROGATION:
1.NO CLARIFICATION OF ANSWER TO WAIVER."TO AN EXTENT".
2.DENIAL OF PHONE CALL AT ARREST;CIRCUMVENTING NOTIFICATION OF COUNSEL UNTIL DETECTIVE HAD"INTERVIEW."(INTERROGATE
WITHOUT PRESENCE OF RETAINED ATTORNEY.
3.DETECTIVE ACCEPTING A"YES" ANSWER GIVEN IN ACKNOWLEDGMENT OF DETECTIVE INTRODUCING HIMSELF IN BOOKING AS A WAIVE
OF HER RIGHS,WHEN AT THIS POINT,NO MIRANDA WARNINGS HAD BEEN GIVEN BY McGRAEL?
#4.NOT ADVISING OF INFORMATION OF CALL EXHIBIT #15 ID.(HER ATTORNEY MADE TO DETECTIVE)
#5.DELIBERATELY DELAYING TRANSFER TO BRAZORIA COUNTY JAIL(DETENTION CENTER)UNTIL DETECTIVE'S QUESTIONING WITHOUT
HER RETAINED ATTORNEY'S PRESENCE,WAS ACCOMPLISHED.CIRCUMSTANCES SURROUNDING SHOW HARM.[18.]

    APPLICANT WAS MORE THAN INTIMIDATED,AND FEELING HELPLESS AND COERCED,WHEN SHE HAD BEEN UNABLE TO CALL HER
RETAINED COUNSEL OR HER BOYFRIEND TO HELP HER BY CALLING ATTORNEY FOR HER.SHE WAS HYSTERICAL,CRYING;SEE EXHIBIT
#17 MUG SHOT ON THE ARTICLE.ITS OBVIOUS THE EMOTIONAL STATE SHE WAS IN.A 4 FT.9 IN.FEMALE,AGAINST 4 HARDENED
OFFICERS PARTICIPATING IN THE ARREST,BOOKING AND INTERROGATION PROCESS:AND ONE LOOK AT THE MUG SHOT TELLS MORE
THAN WORDS AND THE TOTALITY OF CIRCUMSTANCES SURROUNDING THE INTERROGATION,AS LISTED ABOVE. AND WAIVER IS VALID
ONLY IF GIVEN WITHOUT INTIMIDATION,FREELY AND UNCOERCED CHOICE TO WAIVE ONE'S RIGHTS.AND WAIVER MUST ALSO HAVE
THE REQUISITE LEVEL OF COMPREHENSION"THEN AND ONLY THEN,CAN A COURT[OR THE POLICE] PROPERLY CONCLUDE THAT FUNDA-
MENTAL CONSTITUTIONAL RIGHTS HAVE BEEN WAIVED."THIS HOLDS TRUE,OF CONCLUSION OF WHETHER MIRANDA RIGHTS HAVE BEEN
WAIVED.MORAN V.BURBINE,ID.AT 421,S.CT.AT 1141.IF A DEFENDANT WANTS TO RELINQUISH ONE OR MORE OF THE[RIGHTS] THEY
MUST DO SO EXPRESSLY.SEE art.1.14(a),VERNON'S ANN.C.C.P.AND"SOME RIGHTS ARE SO FUNDAMENTAL THEY ARE PROTECTED":

14.EX PARTE WILLIAMS,65 S.W.3d,656,658(TEX.CR.APP.2001)MUST PROVE BY PREPONDERANCE OF EVIDENCE HARM TO CSTEL/PUN
15.MORAN ID,AT 1141,CITES FARE V.MICHAEL C.442 U.S.707,725,99 S.CT.2560,2572,(1979)SEE NORTH CAROLINA V.BUTLER,4
U.S.369,374-5,99 S.CT.1755,1758(1979).REQUIESENT UNDERSTANDING IS REQUIRED TO CONSTITUTE VALID WAIVER.
16.MARIN ID AT 278-9.
17.TOTALITY OF SURROUNDING CIRCUMSTANCES:WILLIAMS V.STATE,252 S.W. 3d,353,356(2008)(TO DETERMINE IF WAIVER IS V
(CITES ZERBST ID,AT 58 S.CT.also see FARE SUPRA,99 S.CT.AT 2572.
18.HARM BY THE LOSS OF CONSTITUTIONALLY PROTECTED DUE PROCESS AND ASSISTANCE OF COUNSEL.MORAN SUPRA AT 1141.

BY THE SYSTEM.TEX.CRIM.EVIDENCE 103(d).[19]THESE RIGHTS CAN'T BE FORFEITED,NOR EXTINGUISHED BY INACTION ALONE." JANECKA V.STATE,823 S.W.2d,232,243,n.2(TEX.CRIM.APP.1990)(OPINION ON HEARING):ERRORS SO EGREGIOUS THAT FAILURE TO OBJECT AT TRIAL DOES NOT WAIVE APPELLATE REVIEW.(CITES ROSE V.STATE,752 S.W.2d,529,553(TEX.CR.APP.1987;ALMANZA V. STATE,686 S.W.2d,157,171(TEX.CR.APP.1984)APPELLANTS MOTION TO SUPPRESS STATEMENT WAS BASED ON NOT HAVING BEEN TOLD THE INFORMATION NECESSARY TO MAKE AN INFORMED DECISION:NAMELY,THAT ALL INTERVIEWS WERE TO GO THROUGH HIS[ATTORNEY'S] OFFICE.A FACT THAT DETECTIVE WITHHELD FROM APPELLANT.SO CALLED "INTERVIEW"& STATEMENT BY THE WITHHOLDING RIGHT TO COUNSEL AT INTERROGATION AND WAS EGREGIOUS FUNDAMENTAL CONSTITUTIONAL ERROR AND WAS NOT GIVEN:"AFFIRMATIVE[LY],PLAIN[ LY],FREE[LY],AND INTELLIGENT[LY],GIVEN WAIVER." MARIN ID AT 279-80.ALTHOUGH APPLICANTS STATEMENT TO DETECTIVE WAS ESSENTIALLY EXCULPATORY IN NATURE,TRYING TO EXPLAIN THIS WAS CONSENSUAL S&M/BONDAGE ROLE PLAYING FANTASY AND NOT A KIDNAPPING.:PSEUDO KIDNAPPING,MADE TO LOOK LIKE A REAL KIDNAPPING.

THE CURRENT STATE OF THE LAW,IS IF AN ACCUSED WANTS TO INVOKE THE RIGHT TO COUNSEL,THEY MUST DO SO UNAMBIGUOUS-LY.PECINA V.STATE,361,S.W.3d,68,78(TEX.CRIM.APP.2012).APPLICANT ASSERTS HER ATTEMPT TO OBTAIN A PHONE CALL WAS SUCH AN INVOCATION OF THE RIGHTS TO HAVE COUNSEL PRESENT DURING CUSTODIAL INTERROGATION.CALL WAS DENIED AND LAKE JACKSON P.D. DETECTIVE'S SHADY POLICE TWO STEP,DELAYING TRANSPORT TO THE BRAZORIA COUNTY JAIL WAS CIRCUMVENTING HER RIGHT TO A CALL DESIGNED TO DENY ACCESS TO COUNSEL.AND THE MOST RECENT SUPREME COURT CASE:MONTEJO V.LOUISIANA,556 U.S.778, 794-5,129 S.CT.2079,173 L.ED.2d,955(2009)U.S.LEXIS 3973,77 U.S.L.W. 4423,21 FLA.L.(2009);U.S.S.CT.REHEARING DENIED BY MONTEJO V.LOUISIANA,557 U.S.949,130 S.CT.23,174 L.ED.2d,606,2009 U.S.LEXIS 4984(U.S.2009)ON REMAND AT STATE,V. MONTEJO,40 SO.3d,952,2010 LA LEXIS 1219(LA.MAY 11,2010)DISPOSITION VACATED & REMANDED, JUST ONE MORE EXAMPLE(DEFEND-ANTS WHO CONFESSED OR INCULPATORY STATEMENTS)OF A DEFENDANT IN MONTEJO'S CASE,HE WROTE A LETTER OF APOLOGY TO THE WIDOW OF HIS VICTIM.THIS WAS IN EFFECT,THE SAME AS A CONFESSION.AND AT THE HEARING OF APPLICANTS MOTION TO SUPPRESS HER STATEMENT GIVEN WITHOUT BENEFIT OF COUNSEL,EXHIBIT #6,THE STATE INVOKED A NUMBER OF CASES THAT HAD ALL EITHER CONFESSED OR HAD MADE INCULPATORY STATEMENTS INDICATING GUILT.THIS IS NOT THE CASE IN APPLICANT FALCO'S CASE.SHE NEVER MADE ANY INCULPATORY STATEMENTS,NOR DID SHE CONFESS![20]

APPLICANT DEBORAH MARIE FALCO POINTS OUT,THAT THE TOTALITY OF CIRCUMSTANCES SURROUNDING HER ARREST AND HER CON-VICTION,AS INUMERATED ID.AT INTERROGATION #1 TO #5.(PG.7 OF THIS WRIT)INVALIDATES ANY EVEN AMBIGUOUS WAIVER:SHE CITES THE DISSENTING OPINION IN MONTEJO SUPRA.(AT 2100)FT.n.6,BY STTCT.JUSTICES:STEVENS,SCHER,GINSBER,BREYER IN PART n.6 "THE MAJORITY LEAVES OPEN THE POSSIBILITY THAT ON REMAND,MONTEJO MAY ARGUE THAT HIS WAIVER WAS INVALID BECAUSE POLICE FALSELY TOLD HIM HE HAD NOT BEEN APPOINTED COUNSEL.SEE ANTE,AT 2091-2,AT 970.WHILE SUCH POLICE DECEPTION WOULD OBVIOUSLY INVALIDATE ANY OTHERWISE VALID WAIVER OF MONTEJO'S 6th AMENDMENT RIGHTS,MONTEJO HAS A STRONG ARGUMENT THAT, GIVEN HIS STATUS AS A REPRESENTED CRIMINAL DEFENDANT,[FALCO WAS ALSO REPRESENTED]THE MIRANDA WARNINGS GIVEN TO HIM BY POLICE WERE INSUFFICIENT TO PERMIT HIM TO MAKE A KNOWING WAIVER OF HIS 6th AMENDMENT RIGHTS EVEN ABSENT POLICE DECEPTION."[IN FALCO'S CASE DECEPTION,NO CALL,NO ATTORNEY]

DETECTIVE McGRAEL HAD A PHONE CALL FROM COUNSEL FOR FALCO AND THERE IS EVEN A NOTATION OF THIS IN EXHIBIT #15. OF THE POLICE SUPPLEMENTAL REPORT.STATING ALL CONTACTS AND OTHER WERE TO GO THROUGH ATTORNEY CUNNINGHAM'S OFFICE.

19.DISPOSITION OF EVIDENCE:SEE EXHIBIT #28,IN SPITE OF A PENDING APPEAL OF APPELLANTS CONVICTION.ATTORNEY FOR DEFENSE SIGNED A FORM FOR "DISPOSITION OF EVIDENCE".THIS WAS DONE ON THE DAY OF SENTENCING,8/4/2017.APPLICANT WAS IN SUCH A DISTRESS THAT SHE PASSED OUT AND HAD TO BE TAKEN TO THE HOSPITAL.IN THIS SITUATION DEFENSE ATTORNEY HAD HER SIGN THE EVIDENCE DISPOSITION FORM,WHICH SHE DOES NOT REMEMBER SIGNING.THIS GOES TO INEFFECTIVE ASSISTANCE OF COUNSEL ADDRESSED LATER.MANY A CAUSE HAS BEEN OVERTURNED AFTER EXAMINING THE EVIDENCE AND THERE SHOULD HAVE BEEN NO HURRY TO DISPOSE OF EVIDENCE.SINCE IT DENIED DNA EVIDENCE.
20.STATE TRIED TO MUDDY THE WATERS BY CITING A NUMBER OF CASES WHERE DEFENDANTS ADMITTED GUILT BY CONFESSION OR BY MAK-ING STATEMENTS THAT WERE INCULPATORY.THIS IS NOT THE CASE IN DEBORAH FALCO'S CASE.

AND HE(DETECTIVE)KNEW SHE HAD COUNSEL."IF A DEFENDANT IS ENTITLED TO PROTECTION FROM POLICE INITIATED INTERROGATION UNDER THE U.S.C.A. CONST.6th AMENDMENT,WHEN HE[SHE]MERELY REQUEST A LAWYER,HE IS EVEN MORE OBVIOUSLY ENTITLED TO SUCH PROTECTION WHEN HE HAS SECURED A LAWYER.INDEED,WE HAVE ALREADY RECOGNIZED AS MUCH."SEE MICHIGAN V.HARVEY,494 U.S.344,353,110 S.CT.1176,1182,108 L.ED.2d,293(1990)(ACKNOWLEDGING THAT"ONCE A DEFENDANT OBTAINS OR EVEN REQUESTS COUNSEL."FROM:MONTEJO 129 S.CT.AT 2095 & SUPREME COURT'S EXTENSION OF THE U.S.C.A.CONST.AMENDMENT 6,PROTECTIONS TO THE PRE TRIAL PHASE AS A CRITICIAL STAGE OF THE PROCESS"...THE COURT HAS ALSO RECOGNIZED THAT THE ASSISTANCE OF COUNSEL CANNOT BE LIMITED TO PARTICIPATION IN A TRIAL,"TO DEPRIVE A PERSON OF COUNSEL DURING THE PERIOD PRIOR TO TRIAL MAY BE MORE DAMAGING THAN DENIAL OF COUNSEL DURING THE TRIAL ITSELF."MAINE V.MOULTON,ID,AT S.CT. 484,U.S.AT 159,170(1985). THE CIRCUMVENTING OF APPELLANTS RIGHTS TO HER RETAINED ATTORNEY AT THIS CRITICAL PHASE(PRE TRIAL) WAS EGREGIOUS POLICE CONDUCT AND NOT SUPPRESSING STATEMENT AT HEARING WAS A VIOLATION OF EHR FUNDAMENTAL CONST.5th,6th AND 14th AMENDMENT RIGHTS TO HER RETAINED COUNSELS ADVICE/AID,[21]IN PROTECTING THOSE RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW. AND PRESENCE OF RETAINED COUNSEL.

"THE KNOWING EXPLOITATION BY THE STATE,OF AN OPPORTUNITY TO CONFRONT THE ACCUSED WITHOUT COUNSEL BEING PRESENT, IS AS MUCH A BREACH OF THE OBLIGATION NOT TO CIRCUMVENT THE RIGHTS TO THE ASSISTANCE OF COUNSEL(ATTORNEY/CLIENT RELATIO SHIP)"AS IS THE INTENTIONAL CREATION OF SUCH OPPORTUNITY";U.S.C.A.CONST.AMENDMENT 6,IS VIOLATED WHEN STATE "OBTAINS INFORMATION[OR ANY STATEMENT UNDER FALSE OR WITHHELD CIRCUMSTANCES AS WAS THE CASE WITH APPELLANT]STATEMENTS THROUGH THE DECEPTION OF THE ACCUSED."AND POLICE PRACTICE OF DELIBERATELY VIOLATING FUNDAMENTAL CONSTITUTIONAL RIGHT OF THIS APPLICANT IS AN EXAMPLE OF STATE'S "VIOLATION OF HIS(DETECTIVES)OBLIGATION TO NOT ACT IN A MANNER THAT CIRCUMVENTS AND DILUTES THE ADVERSARIAL ROLE AND THE ATTORNEY/CLIENT RELATIONSHIP AND FUNCTION."APPLICANTS ANSWER:"TO AN EXTENT" IS WITHOUT HER CLEAR UNDERSTANDING,SINCE THE WAIVER WAS NEVER CLARIFIED."AN INVALID WAIVER,IS NOT SUBJECT TO HARMLESS ERROR REVIEW."U.S.VIGIL,605 FED.APPX.757(CA 10 2015).AND "THE COURTS INDULGE EVERY REASONABLE PRESUMPTION AGAINST WAIVER OF FUNDAMENTAL CONSTITUTIONAL RIGHTS."AND "WE DO NOT PRESUME ACQUIESCENSE IN THE LOSS OF FUNDAMENTAL RIGHTS." JOHNSON V.ZERBST,304 U.S.485,464,82 L.ED.2d,1461,58 S.CT.1019;ALR(1939);SEE ALSO BREWER V.WILLIAMS,430 U.S.387,404,97 S.CT.1232,1242(1977).THE BURDEN OF PROVING THE VALIDITY OF A WAIVER OF CONSTITUTIONAL RIGHTS IS ALWAYS ON THE GOVERN- MENT.MORAN ID,U.S.AT 450-51,106 S.CT.AT 1156,(SEPERATE OP.)

"IF THE STATE ESTABLISHES THAT A MIRANDA WARNING WAS GIVEN & THE ACCUSED MADE AN UNCOERCED STATEMENT.THAT SHOWI STANDING ALONE,IS INSUFFICIENT TO DEMONSTRATE 'A VALID WAIVER'OF MIRANDA RIGHTS."BERGHUIS V.THOMPKIN,560 U.S.370,375,1 L.ED.2d,1098,130 S.CT.2250,2261(2010)(CITES MIRANDA ID AT 1602)U.S.CONST.AMENDMENT 5.THERE WILL BE CASES WHERE A WAIVER WHICH WOULD BE VALID UNDER MIRANDA WOULD NOT SUFFICE FOR U.S.C.A.CONST.6th AMENDMENT PURPOSES.PATTERSON V. ILLINOIS,487 U.S.296-7,108 S.CT.AT 2397 n.9(1988).[APPLICANT BELIEVES HERS IS SUCH A CASE].

HARM IS OBVIOUS WHEN THERE IS INCARCERATION OF AN INNOCENT PERSON FOR A CRIME WHICH SHE DID NOT COMMIT,IS A VIOLATION OF U.S.C.A.CONST.5th & 14th AMENDMENT;EX PARTE ELIZONDO,947 S.W.2d,202,209TEX.CR.APP.1996).HARM MAY BE PRESUMED.BELL V.CONE,535 U.S. 685,695-6(2002);CITES UNITED STATES V.CRONIC,466 U.S.648-662(1984)(DUE PROCESS

21."ONCE THE ACCUSED HAS A LAWYER,A DISTINCT SET OF CONSTITUTIONAL SAFEGUARDS,AIMED AT PRESERVING THE SANCTITY OF THE ATTORNEY/CLIENT RELATIONSHIP TAKES EFFECT."U.S.C.A.6;PATTERSON ID,U.S.CITES MOULION ID.106 S.CT.AT 487-88. 22."THE STATE BEARS BURDEN OF PROVING AN ERROR IS HARMLESS.BRECHT V.ABRAHAMSON,507 U.S.619,629-30,113,S.CT.1710,1717 CITES:KOTTEAKOS V.UNITED STATES,328 U.S.750,776,66 S.CT.1239,1253,90 L.ED.(1946).TRIAL ERROR HARM "WHETHER THE ERROR HAD SUBSTANTIAL AND INJURIOUS EFFECT OR INFLUENCE IN DETERMINING JURY'S VERDICT.SEE ALSO O'NEAL V.MCANINCH,513 U.S.43 494-6,115 S.CT.992 AT 994,130 L.ED.2d,947(1995).[APPELLANT CLAIMS SHE HAD SUBSTANTIAL INJUROUS EFFECTS DUE TO THE EFF OF THE TOTALITY OF THE CIRCUMSTANCES SURROUNDING THE INTERROGATION.WRIT FG.7 #1-5.]

AND THE EQUAL PROTECTION OF THE LAW ISSUES)(HARMED BY THE LOSS OF CONSTITUTIONAL RIGHTS).

## PROPOSED GROUND OF ERROR TWO:

A.INEFFECTIVE ASSISTANCE OF DEFENSE COUNSEL:

DEFENDANT/APPLICANT WANTED TO TESTIFY AT HER TRIAL,BUT ATTORNEY GAVE HER ERRONEOUS INFORMATION,NOTEABLY,THAT SHE "COULD NOT TESTIFY BECAUSE SHE WAS A PREVIOUSLY CONVICTED FELON, AND IN SPITE OF THE COMMUNITY BIAS AND PRE-JUDICE TOWARDS A DEFENDANT WHO DOES NOT TAKE THE STAND,HE DID NOT FILE A MOTION FOR CHANGE OF VENUE. [23]

## FACTS SUPPORTING GROUND OF ERROR TWO:

SEE AFFIDAVIT OF APPELLANT-EXHIBITS #3 AND #4.MEMBERS OF THE COMMUNITY ATTESTED TO THE COMMUNITY BIAS AND [24] PREJUDICE. AND THIS WAS BORNE OUT WHEN VOIR DIRE WAS COMMENCED, YET INEFFECTIVE COUNSEL FAILED TO MOTION FOR A CHANGE OF VENUE IN THE FACE OF OVERWHELMING EVIDENCE OF BIAS AND PREJUDICE.AND PARTICULAR MENTION WAS MADE ABOUT A DEFENDANT WHO DID NOT TESTIFY.APPELLANT HAD WANTED TO TESTIFY BUT WAS NOT ALLOWED TO BY HER DEFENSE.THIS WAS SHOWN TO HARM HER IN THE CHOICE OF BOTH THE CHOSEN JURORS AND THOSE NOT CHOSEN.AND THEIR BELIEF THEY HELD AGAINST A DEFENDANT WHO DOES NOT TESTIFY."SHE HAS SOMETHING TO HIDE.""IF NOT GUILTY SHE SHOULD FIGHT FOR IT."

AT VOIR DIRE, IN SPITE OF THE JUDGES INSTRUCTIONS:"THEY COULD NOT HOLD HER NOT TESTIFYING AGAINST HER." COMMENTS SUCH AS VOL.3,PG.21;LADY WAS ROBBED AND KIDNAPPED,AND WHEN ASKED:WOULD THAT PERSONAL EXPERIENCE,LIFE EXPERIENCE OF YOURS AFFECT THE WAY YOU RECEIVE THE TESTIMONY AND EVIDENCE?"ANSWER AT LINE 16"IT MAY"AND STATE ATTORNEY SUGGESTED IT PROBABLY WOULD NOT BE A GOOD CASE FOR YOU TO SIT ON? "PROBABLY NOT."LINE 22,JURORS NIECES HAD BEEN KIDNAPPED.WHEN ASKED IF IT WOULD AFFECT HER AS A JUROR,"IT WOULD BE A POSSIBILITY"....STATE ATTORNEY ASKE IF IT WOULD BE A GOOD CASE FOR THIS SECOND JUROR & IF SHE WOULD BE A JUROR ON ANOTHER TYPE OF CASE,TO WHICH SHE ANSWERED:"PROBABLY ANOTHER"JUROR 17'S DAUGHTER KIDNAPPED AND NEXT JUROR:MY FATHER TRIED TO KIDNAP ME TWICE.AND ASKED IF IT WOULD AFFECT THE WAY SHE RECEIVED TESTIMONY:"YES".PG.25,L.4-9.CONT.ANOTHER JUROR'S SONS COUSIN WAS KIDNAPPED AND SHE WAS ALSO A GOOD FRIEND OF HERS,FROM HIGH SCHOOL.AND ALTHOUGH STATED ANSWER TO WOULD IT AFFECT Y( WAS NO,IT IS APPARENT SOMETHING THAT CLOSE TO HER SON AND HER GOOD FRIEND CANNOT HELP BUT INFLUENCE HER.THE NEXT JUROR HAD A VERY PAINFUL EXPERIENCE WITH DEATH OF HER BROTHER WHILE IN JAIL.AND SHE NODS TO SUGGESTION SHE WOULD BE A BETTER JUROR IN ANOTHER TYPE CASE.(AT PG.26)(L.3-13)NEXT JUROR:SOMEONE CLOSE TO THEM HAD DEALINGS WITH THE DISTRICT ATTORNEY AND FELT THEY WERE TREATED UNFAIRLY.SAID,"HONESTLY,I'M ALREADY HIGHLY SUSPICIOUS OF THE DISTRICT ATTORNEY'S OFFICE."(PG.27)(L.4-17)NEXT JUROR AT PG.29 THE JUROR WAS INVOLVED IN A COUPLE OF KIDNAPPINGS(AGGRAVATEI ATTEMPTS AND WAS A WITNESS IN THE DAY CARE THAT SHE[HE] OWNED.AND COULD NOT HELP NEGATIVELY BEING AFFECTED IN THAT EXPERIENCE.SEE PG.31ASK OF ANOTHER JUROR IF HAVING WITNESSED KIDNAPPING THEY COULD THEN BE IMPARTIAL ON A JURY OF THAT SORT OF CASE..."YOU CAN'T BE IMPARTIAL."(PG.32 L.15)NEXT JUROR WAS ASKED ABOUT RIGHT NOT TO TESTIFY AND SAII ON PG.40,L.5-6)"I WILL JUST THINK THAT SHE'S HIDING SOMETHING"&ON PG.39,JUROR 25,'I JUST THINK TRUTH SPEAKS".... (VOL.3,PG.40,L.12-13)ANOTHER JUROR:"I THINK IF YOUR'RE NOT GUILTY YOU SHOULD FIGHT FOR IT."PG.41 ASKED IF THEY CO THINK OF A VALID REASON NOT TO TESTIFY:L.20-21."I STILL THINK IF YOUR'RE NOT GUILTY YOU SHOULD SAY SOMETHING.'"I'I

---

23.V.T.C.A. C.C.P. art.38.08,DEFENDANT MAY TESTIFY IN OWN BEHALF...BUT THE FAILURE TO TESTIFY CAN'T BE HELD AGAIN:
24.AFFIANTS BELIEVED FALCO COULD NOT GET A FAIR AND IMPARTIAL TRIAL AT THE PRESENT COMMUNITY/COUNTY.(DUE TO THE S( CALLED VICTIM,BEING THE DAUGHTER OF THE OWNER OF SISSY'S BAR,A WELL KNOWN HANG OUT FOR POLICE).ALSO GOSSIP,NEWS & PRE CONCEIVED OPINIONS.ALSO SEE PG.3,FT.n.5;IN CASES WHERE INEFFECTIVE ASSISTANCE OF COUNSEL IS AN ISSUE,IN ORDER MOUNT A CLAIM OF SUCH;ITS OFTEN NECESSARY TO DEVELOP THE RECORD,WITH DOCUMENTS HERETOFORE NOT ADMITTED INTO EVIDEN IN ORDER TO COMPLETE THE RECORD.INEFFECTIVE COUNSEL MAY BE RAISED IN HABEAS CORPUS PURSUANT TO:TEX.C.C.P.ANN.ART. 11.07;BOGANY V.ST,NO.13-13-00044-CR,(TEX.APP.LEXIS 6444(TEX.APP.CORPUS CHRISTI 2013).

STILL GOING TO THINK IT."PG.42,L.2-3,"BECAUSE I WOULD OPEN MY MOUTH.SO I THINK I WOULD STILL."PG.43 GOT TO BE ABLE TO SET ASIDE BIASES IF SHE DOES NOT TESTIFY.L.14-25...."IT DOESN'T MATTER WHAT THE JUDGE SAYS, IT DOESN'T MATTER WHAT THE LAW SAYS, IT DOESN'T MATTER WHAT THE CONSTITUTIONAL PROTECTIONS ARE, IF SHE DOESN'T TESTIFY I'M HOLDING IT AGAINST HER?" THEN CALLS FOR THOSE WHO FEEL THAT WAY: JUROR 1,2,3,6,7,10,21,22,25,28,31,32,39,45,51,54,59,66,69, AND 72. AND THUS DUE TO THE SIGNIFICANT CROSS SECTION OF THE COMMUNITY HOLDING SUCH A BIAS AND PREJUDICE, IT IS REASONABLE DEFENSE PRACTICE TO MOTION,VENUE CHANGE.AND WE ALLEGE IT WAS INEFFECTIVE ASSISTANCE NOT TO HAVE DONE SO.SEE AFFIDAVITS IN SUPPORT OF COMMUNITY BIAS AND PREJUDICE AGAINST A CRIMINAL DEFENDANT WHO DOES NOT TESTIFY ON HER OWN BEHALF.AND PREJUDICE IS BORNE OUT BY COMMUNITY VOIR DIRE PANEL,WHO INSIST IF SHE HAS NOTHING TO HIDE SHE WOULD TESTIFY.THE APPELLANT ASSERTS THIS WIDE SPREAD BIAS SHOWN IN THE COMMUNITY ABOUT DEFENDANTS WHO DO NOT TESTIFY ON HER OWN BEHALF AND THE ERRONEOUS INFORMATION GIVEN THAT SHE COULD NOT AS A PREVIOUSLY CONVICTED FELON, TESTIFY ON HER OWN BEHALF,COUPLED WITH COUNSELS NOT FILING A MOTION FOR CHANGE OF VENUE ARE ERRORS OF THE COUNSEL BEING INEFFECTIVE AND CONTRIBUTED TO HER CONVICTION AND TO PUNISHMENT,AGAINST A CRIMINAL DEFENDANT WHO DOES NOT TESTIFY ON HER OWN BEHALF.AND PREJUDICE IS BORNE OUT BY COMMUNITY VOIR DIRE PANEL, WHO INSIST IF HAS NOTHING TO HIDE SHE WOULD TESTIFY.

ISSUE:IF COUNSELS GIVING APPELLANT WRONG INFORMATION ABOUT NOT BEING ABLE TO TESTIFY ON HER OWN BEHALF; WITH THE OBVIOUS COMMUNITY PANEL OF JURIST HAVING BIAS AND PREJUDICE, AGAINST A DEFENDANT WHO DOES NOT TESTIFY; COLOR THE FAIRNESS OF THE PROCEEDING?

### ARGUMENT GROUND OF ERROR TWO:

APPELLANT IS ENTITLED TO EFFECTIVE ASSISTANCE OF COUNSEL:U.S.C.A.CONST.6th AMENDMENT ;TEXAS CONST.ART.1,SECTION 10;HERNANDEZ V.STATE,726 S.W.2d,53,56-57(TEX.CR.APP.1981).APPLICANT ASSERTS SHE WAS DENIED THE CONSTITUTIONALLY EFFECT- IVE COUNSEL GUARANTEED BY STATE AND FEDERAL LAW.DEFENSE COUNSEL'S REPRESENTATION FELL BELOW REASONABLE PRACTICE OF THE PRESENT STANDARDS. AND WITH THIS COMMUNITY PREJUDICE AND BIAS, FUELED BY LOCAL GOSSIP & NEWS ARTICLES THERE IS AMPLE EVIDENCE FOR THE NEED TO HAVE A CHANGE OF VENUE.MOST HARMFUL WAS THE ERRONEOUS ADVICE THAT SHE COULD NOT TESTIFY ON HER OWN BEHALF. A DEFENDANT DOES HAVE THE RIGHT TO TESTIFY ON HER OWN BEHALF AND TO CHOOSE THE STRATEGY AT TRIAL.FLORIDA V. NIXON,125 S.CT.551,560(2004)HARM IS SHOWN IN THIS SUBSTANTIAL ERROR OF DENIAL OF A FUNDAMENTAL CONSTITUTIONAL RIGHT TO TESTIFY IN HER OWN BEHALF.APPELLANT HAD WANTED TO TESTIFY,SHE FELT IT WAS THE ONLY WAY THE REAL STORY WOULD BE TOLD.AND AT VOIR DIRE,HER NOT TESTIFYING WAS HELD AGAINST HER.(EXHIBIT #5,PG.4,PAR.4,L.1-4).THIS WAS A VIOLATION OF HER DUE PROCESS AND THE EQUAL PROTECTION OF THE LAW:U.S.C.A.CONST.5th AND 14th AMENDMENT RIGHTS.THIS IS A PERSONAL RIGHT AND THE CHOICE CANNOT BE WAIVED BY DEFENSE COUNSEL OR THE TRIAL COURT. UNITED STATES V.TEAGUE,953 F.2d1,1525,1535.(11th CIR. EN BANC 1992).COUNSELS DENIAL OF HER RIGHT AND NOT FILING A MOTION FOR A CHANGE OF VENUE WITH A COMMUNITY THAT BELIEVED SHE SHOULD SOME HOW PROVE HER INNOCENCE,WAS AN OMISSION THAT ANY NOVICE COUNSEL WOULD HAVE KNOWN NOT TO DO.ADDED TO THE OMISSION,IS HER NOT TESTIFYING WAS HELD AGAINST HER.STATEMENTS SUCH AS "I WILL JUST THINK SHE'S HIDING SOMETHING."VOL. 3,PG.40,L.5-6)":I JUST THINK TRUTH SPEAKS"VOL.3,PG.39,1.20-21.SHE WAS HARMED BY THIS REPRESENTATION.SEE EXHIBIT 3a,3b, AND #4.THESE EXHIBITS WERE EASILY OBTAINED BY APPELLANT,AND SHOW THAT COMMUNITY MAKE UP IS SUCH(BIAS AND PREJUDICE THAT SHE IS UNABLE TO GET A FAIR AND IMPARTIAL TRIAL.COUNSEL DID NOT EVEN INTERVIEW MEMBERS OF COMMUNITY NOR DID HE ATTEMPT TO OBTAIN THE REQUIRED AFFIDAVITS THAT WOULD HAVE SUPPORTED VENUE CHANGE,& HE IGNORED THE BIAS & PREJUDICE SHOWN AT VOIR DIRE TO HER CONTINUED:

---

25.SEE AFFIDAVITS EXHIBITS #3a, & 3b &#4.THIS IS PRACTICE EVEN A NOVICE ATTORNEY WOULD HAVE BEEN ABLE TO OBTAIN EVIDENCE OF COMMUNITY BIAS AND PREJUDICE,YET DEFENSE COUNSEL DID NOT EVEN TRY TO OBTAIN THIS EVIDENCE OF HIS CLIENT NOT BEING ABLE TO OBTAIN A FAIR AND IMPARTIAL TRIAL AT THE PRESENT VENUE.
26.STRICKLAND V.WASHINGTON,466 U.S.687-8,104 S.CT.2052,2064(1984)BOTH PRONGS OF STRICKLAND ARE MET.(HARMED).
27.ON NEXT PAGE.

NOT HAVING TESTIFIED.APPELLANT HAD A RIGHT TO A FAIR AND IMPARTIAL TRIAL BY "A PANEL OF IMPARTIAL,INDIFFERENT" JURORS'NEVERS V.KILLINGER,990 F.SUPP.2d,844,853-4(E.D.MICH.1997)(CITING IRVIN V.DOWD,366 U.S.717,722,81 S.CT.1639) (1961).TRIAL COURT MAY BE UNABLE TO SEAT AN IMPARTIAL JURY BECAUSE OF PREJUDICIAL PRE TRIAL PUBLICITY OR AN INFLAM-ED COMMUNITY.IN SUCH A CASE DUE PROCESS REQUIRES TRIAL COURT TO GRANT DEFENDANTS MOTION FOR VENUE CHANGE.IN APPELL-ANTS CASE,INEFFECTIVE COUNSEL DID NOT EVEN FILE A MOTION FOR A CHANGE OF VENUE."THE TRIAL COURT MAY USE JURY SELECT-ION PROCESS TO GAUGE THE TENOR OF THE COMMUNITY AS A WHOLE TO DETERMINE WHETHER DEFENDANT WILL RECEIVE A FAIR TRIAL, OR WHETHER HE[SHE] IS ENTITLED TO A CHANGE OF VENUE."DEWBERRY V.STATE,4 S.W.3d,735,AT 745,CERT.DEN.120 S.CT.2008(2000) (CITES BELL V.STATE,938 S.W.2d,35,AT 46)(TEX.CR.APP.1996).

IN APPLICANTS CASE JURY PANELS HELD A PREJUDICE AND BIAS AGAINST THE DEFENDANTS NOT TESTIFYING.THE SIMPLE ACT BY THE DEFENSE COUNSEL OF FILING A MOTION WOULD HAVE BEEN INDICATED IN HER SITUATION, BUT HE OMITTED THIS. IT WAS NOT ONLY LOCAL GOSSIP BUT ALSO PUBLICITY IT CREATED. SEE EXHIBIT #17 & #29.AND THE POLICE HANG OUT AT SISSY'S BAR, (OWNED BY)THE MOTHER OF THE SO CALLED "VICTIM"AND THAT PUBLICITY MAY HAVE "TAINT[ED] THE JURY POOL,TO THE POINT THAT AN ACCUSED IS "UNABLE TO GET A TRIAL BEFORE A FAIR AND IMPARTIAL JURY".NEVERS SUPRA.

? : PROPOSED GROUND OF ERROR THREE
INEFFECTIVE ASSISTANCE OF TRIAL DEFENSE COUNSEL:
B.TRIAL DEFENSE COUNSEL OMITTED AND OR FAILED TO DEVELOP EXCULPATORY AND MITIGATING EVIDENCE VITAL TO THE APPELLANTS DEFENSE AS IS ACCEPTABLE PRACTICE STANDARDS OF THE DAY, CALL FOR:AND PREJUDICE RESULTED:

FACTS SUPPORTING GROUND OF ERROR THREE.
(a) NO DNA TESTING/SPERMATAZOA TESTING ON EVIDENCE.
(b)NO EXPERT WITNESS ON S&M/BONDAGE, NECESSARY TO UNDERSTAND THIS COMPLICATED ISSUE FOR DEFENSE.
(c)CALLED NO DEFENSE WITNESSES AT EITHER PHASE OF THE TRIAL AND DID NOT CALL A MATERIAL WITNESS DUE TO THE COUNSEL'S STATED CONFLICT OF INTEREST, YET DID NOT INFORM THE COURT NOR DID HE RECUSE HIMSELF AS IS HIS DUTY, IF A CONFLICT EXIST. SEE EXHIBIT #34 RAP SHEET OF THOMPSON,(ROBERT LLOYD)9 YEAR OLD CASE THEREAFTER?ATTORNEY REPRESENTED HIM ON:KNOWS THOMPSON IS INFORMANT? ATTORNEY DIDN'T USE WITNESSES WHO ATTESTED TO ENTRAPMENT/SET UP INTENT OF L.J.P.D. OFFICER WINGO:
(d)NO INVESTIGATION INTO THE PATTERN: PRIOR SO CALLED KIDNAPPING SCOTT WAS INVOLVED IN:

ARGUMENT GROUND OF ERROR THREE
(a) AFTER LEAVING FALCO'S HOME,SCOTT(SO CALLED VICTIM) AND GARCIA(SO CALLED CO-DEFENDANT) HEADED FOR JASMINE PARK. APPELLANT/FALCO HAD DECIDED NOT TO GO WITH THEM TO BRAZORIA TO THE FESTIVITIES SCOTT HAD PLANNED AT HER HOME,AND WAS NOT WITH JOJO(GARCIA)AND SCOTT. SEE EXHIBIT #5,FG.2,PAR.3,L.5-6.THE COUPLE SAW A POLICE CAR FOLLOWING THEM,THEY HAD BEEN GOING SLOW BECAUSE NOT ONLY WAS THIS A 20 MILE PER HOUR ZONE, BUT ALSO BECAUSE SCOTT HAD BEEN GIVING JOJO "ROAD HEAD"(ORAL SEX WHILE DRIVING).WHEN THEY REALIZED THEY WERE BEING FOLLOWED THEY BOTH ATE THEIR DRUGS THEY HAD WITH THEM. (SEE WRIT FG.3,ft.n.6).EVIDENCE OF THIS BEING THE CASE,(ORAL SEX) WAS NOTED BY OFFICER WINGO,TESTIFIED AT HER TRIAL.HE NOTED GARCIA'S PANTS WERE UNZIPPED.VOL.4,FG.70,L.19-25 & FG.71,L.1-8 & L.18-25.RELEVANT EVIDENCE OF THE NEED FOR DNA TESTING.ALSO, THE BANDANA THAT WAS PART OF HER GAG BALL, WAS AROUND HER NECK.VOL.4,FG.120,L.13-18, INDICATION DEFENSE COUNSEL SHOULD HAVE ASKED FOR DNA TESTING OF THE BANDANA AND JOJO'S PANTS AND UNDERWEAR.THE ONLY DNA TESTING THAT WAS DONE,POLICE TESTED SCOTT'S(VICTIMS) VEHICLE.(STEERING WHEEL)RESULTS:UNCONCLUSIVE.NO SCIENTIFIC TESTING WAS DONE ON THE EVIDENCE.TESTING WOULD HAVE SHOWN THE S&M/BONDAGE, SEXUAL ROLE PLAYING WAS WHAT THIS WAS AND NOT KIDNAPPING.LOST A VITAL DEFENSE TOOL DUE TO NO DNA TESTING.WASHINGTON V.MURRAY,952 F.2d,1472,1476(CA 4 1991).AND DEFENSE COUNSEL DID NOT INVESTIGATE INFORMATION APPELLANT RELAYED TO HIM ABOUT GARCIA'S TELLING HER SCOTT WAS GIVING HIM ORAL SEX-CONSENSUAL. AND WAS PROVABLE HAD ATTORNEY ASKED FOR DNA TESTING.

APPELLANT FILED A MOTION FOR DNA TESTING PURSUANT TO VERNON'S C.C.P.ART.64.01 TESTING ON ITEMS FOR HABEAS 27.ADVICE OF NOT BEING ABLE TO TESTIFY ON HER OWN BEHALF:RELIED UPON TO HER DETRIMENT,BLACKBURN V.FOLTZ,828 F.2d,117 1181,(CA 6 1987)GAVE WRONG ADVICE.IN THIS CASE,OF APPELLANT,THE COMMUNITY HAD STRONG BIAS AGAINST NOT TESTIFYING.

COLLATERAL APPEAL,SINCE DEFENDANT'S COUNSEL DID NOT DO SO,NOR DID APPELLATE COUNSEL.WHILE SHE(FALCO)WAS WORKING ON HABEAS APPEAL,SHE OBTAINED TRIAL AND POLICE REPORTS:DOCUMENTS OF 8/4/2017,THE DAY SHE WAS SENTENCED.DOCUMENT EXHIBIT #28'DISPOSITION OF EVIDENCE'.WAS SIGNED BY DEFENSE COUNSEL AND APPELLANT/FALCO.SHE HAS NO RECOLLECTION OF HAVING SIGNED "DISPOSITION OF EVIDENCE".SHE WAS IN SUCH A STATE AT SENTENCING,SHE BECAME ILL,PASSED OUT AND HAD TO BE TAKEN TO THE HOSPITAL.(SEE EXHIBIT #31.DOCUMENTS HER BREAKDOWN).HAD SHE KNOWN ABOUT THIS DOCUMENT,SHE WOULD NOT HAVE FILED A MOTION FOR DNA TESTING ON THE RELEVANT EVIDENCE.HER CASE WAS PUT ON APPEAL AND NO COMPETENT COUNSEL WOULD HAVE SIGNED THIS:IT WAS CONTRAINDICATED TO DESTROY EVIDENCE OF A CASE ON APPEAL.MANY APPELLANTS HAVE WON APPEALS UPON TESTING OF DNA EVIDENCE.EXCULPATORY EVIDENCE OMISSION,WHEN COUNSEL KNEW OF THE RELEVANCE OF TEST-ING BANDANA AND CLOTHING OF GARCIA, WAS INDICATED;RELEVANT BECAUSE OF GARCIA'S PANTS BEING UNZIPPED ETC(FT.n.#8 AND #9.HIS PANTS AND UNDERWEAR AND THE SO CALLED GAG BALL,BANDANA)SCOTT HAD IN HER MOUTH,THEN AROUND HER NECK. THERE WAS NO HURRY ABOUT DISPOSING OF THE EVIDENCE.AND INEFFECTIVE ATTORNEY'S OMISSION;FAILURE TO INVESTIGATE AND DEVELOP EXCULPATORY/MITIGATING EVIDENCE,WAS SERIOUS ERROR,IN LIGHT OF THE RELEVANT EVIDENCE OF CONSENSUAL S&M/BOND-AGE,ROLE PLAYING.(EXHIBIT #12 GARCIA'S STATEMENT.)(BEGGED HIM TO TAKE HER SOME PLACE, AND PULL HER HAIR AND FUCK HER DOWN)REASONABLY COMPETENT COUNSEL WOULD HAVE DNA TESTING ON EVIDENCE.OMISSION OF TESTING CAUSED HARM TO HER DEFENSE,OF THIS NOT BEING KIDNAPPING,BUT S&M/BONDAGE ROLE PLAYING.HARM IS SHOWN IN DENIAL OF DEFENSE.BOTH SCOTT AND GARCIA PRACTICED S&M/BONDAGE,AS SCOTT READILY ADMITS TO:VOL.4,PG.184,L.2-20.OMISSION OF EXCULPATORY/MITIGATING EVIDENCE "UNDERMINED THE CONFIDENCE IN THE OUTCOME OF THE TRIAL."KYLES V.WHITLEY,514 U.S.419,434,115 S.CT.1555, 1566,131 L.ED.2d,490(1995).AND COUNSELS INEFFICIENT CONDUCT PREJUDICED THE TRIAL RESULT.McFARLAND V.STATE,928 S.W. 2d,482,500 (CR.APP.1996),REHEAR.DEN.CERTIORARI DEN.,117 S.CT.966.  (CITES STRICKLAND ID AT U.S.688,S.CT.2052,2064(19 A"REASONABLE 'PROBABILITY'EXISTED,[BUT FOR DEFICIENT PERFORMANCE]THAT A DIFFERENT OUTCOME WOULD HAVE OCCURRED BUT FOR COUNSEL'S DEFICIENT PERFORMANCE."EX PARTE WHITE,160 S.W.3d,46,48(TEX.CRIM.APP.2004).COUNSEL'S OMISSION WAS SO SERIOUS THAT COUNSEL "WAS NOT FUNCTIONING AS THAT COUNSEL GUARANTEED BY THE U.S.CONST.AMEND.6",IX.CONST.ART.1,SECT.1( (b)EXPERT WITNESS ON S&M/BONDAGE(NECESSARY TO UNDERSTAND THIS COMPLICATED ISSUE)FOR DEFENSE.(MINDSET).

INEFFECTIVE DEFENSE COUNSEL DID NOT CALL FOR EXPERT WITNESS ON THE SEX PRACTICE OF S&M/BONDAGE,WHICH WOULD HAVE SUPPORTED THIS SCENE AS CONSENSUAL.(NECESSARY TO UNDERSTAND COMPLICATED PRACTICE)SEE APPELLANTS EXHIBITS #1 AND #2.BONDAGE/ROLE PLAYING IS NOT A MATTER UPON WHICH THE AVERAGE JURIST IS VERSED ON.(MIGHT NOT UNDERSTAND THE MINDSET OF PERVERSION).NO EXPERT WITNESS WAS CALLED TO TESTIFY ABOUT THE ISSUE,RELEVANT TO PRACTITIONERS OF S&M/ BONDAGE.(SADOMASOCHISM)SEE FT.n.5 & VOL.4,PG.184,L.19-20.BY SCOTT'S OWN ADMISSION,SHE LIKES TO BE TIED UP.(RELEVANT EVIDENCE BECAUSE SEX/ROLE PLAYING DURING S&M/BONDAGE WAS MITIGATING EVIDENCE VITAL FOR FALCO AND FALL PARTNER-GARCIA'S DEFENSE.MOST JURORS WOULD NOT UNDERSTAND THE ENJOYMENT IN BONDAGE AND S&M IS THE EXCITMENT OF BEING SUBJUG-ATED,DOMINATED,TIED UP.SCOTT OWN TESTIMONY VERIFIED THIS.COUNSEL'S NOT HAVING FILED A MOTION FOR EXPERT TO TESTIFY WAS DEFICIENT REPRESENTATION.McFARLAND[FRANK-BASIL]V.STATE,845 S.W.2d,824,842(TEX.CR.APP.1992)(FAILED TO SUPPLEMENT THE RECORD)(FALCO:NO MOTION EXPERT WITNESS)PREJUDICE IS PRESUMED WITH SUCH A VITAL OMISSION OF DEFENSE ISSUE,THAT GOES TO THE HEART OF THE DEFENSE."VICTIM'S" ALLEGATIONS OF "KIDNAPPING WAS A LATE ACCUSATION;STOP WAS TO BE MADE AT THE BRAZORIA HOME,NOT GETTING STOPPED LEAVING APPELLANTS.SHE MAY HAVE BEEN ARRESTED BECAUSE OF THE DRUGS SHE HAD

---

28.RELEVANT EVIDENCE THAT WOULD HAVE SHED LIGHT ON 2 S&M/BONDAGE PRACTITIONERS,STOPPING OFF FOR A QUICKIE,PRIOR TO GOING TO BRAZORIA;WHAT HER PARTNER DID NOT KNOW WOULDN'T HURT HIM.RELEVANT EVIDENCE ADMISSIBLE THAT TENDS TO PROVE AN ISSUE(S&M/BONDAGE ROLE PLAYING)OR CONSTITUTES A LINK IN THE CHAIN O PROOF EVEN THOUGH STANDING ALONE,IT MIGHT NO JUSTIFY A VERDICT.DARBY V.STATE,922 S.W.2d,614,620(TEX.APP.-FORT WORTH 1996);(CITES LOCKHART V.STATE,847 S.W.2d,568 574(TEX.CRIM.APP.1992)CERT.DEN.510 U.S.849,114 S.CT.146;126 L.ED.2d,108(1993);ALSO SEE KNAPP V.STATE,504 S.W.2d,437 29.EX.5,PG.2,PAR.4,L.7-8,JOJO CALLS FALCO FROM JAIL,SCOTT WAS GIVING ORAL SEX AT STOP:RELEVANT EVIDENCE,PANTS UNZIP EX.#11,PAR.1,L.13,BATON AN S&M PROP ON CAR CONSOLE. CONTINUED ON NEXT PAGE.

APPELLANT IS ENTITLED TO EFFECTIVE COUNSEL REPRESENTATION.U.S.C.A.CONST.AMEND.6;TX.CONST.ART.1,SECT.10.ATTORNEY FUNCTION IS TO ENSURE HIS CLIENT HAS A FAIR & IMPARTIAL TRIAL,GIVEN STANDARDS OF THE DAY:REASONABLE COMPETENT ASSISTANCE TO THE ACCUSED.SIRICKLAND ID.U.S.AT 686-7,S.CT.AT 2064(1984)IN THIS CASE,PRIMARY DEFENSE WAS THE FACT,THIS WAS NOT KIDNAPPING BUT S&M/BONDAGE ROLE PLAYING.THERE IS REASONABLE PROBABILITY BUT FOR DEFICIENT PERFORMANCE OF COUNSEL,RESULTS WOULD HAVE BEEN DIFFERENT.AND NO EXPERT TESTIMONY DEPRIVED ACCUSED OF PRIMARY DEFENSE & THUS UNDERMINED THE CONFIDENCE IN OUTCOME OF TRIAL.CRONIC 466 U.S.58,S.CT.2047(1984).(CITES POWELL V.ALABAMA,287 U.S.45,53-S.CT.55,77 L.ED.2d.158,152 (1932).SEE FIELDER V.STATE,756 S.W.2d,309(1988).(SADOMASOCHISM/DOMESTIC VIOLENCE[HUSBAND'S CASE]NEW TRIAL DUE TO NO EXPERT WITNESS).

(c)CALLED NO DEFENSE WITNESSES.APPELLANT GAVE COUNSEL A LIST OF WITNESSES & HE DIDN'T EVEN CONTACT ANY OF THEM,NOR DID[30.] HE INVESTIGATE.COUNSEL OWES DUTY TO DEFENDANT TO MAKE REASONABLE INVESTIGATIONS OR TO MAKE DECISIONS THAT MAKES PARTICULAR INVESTIGATIONS UNNECESSARY."SIRICKLAND ID AT U.S.691,S.CT.AT 2066.

DEFENDANT HAS A CONSTITUTIONAL RIGHT TO CALL WITNESSES & OFFER EVIDENCE ON THEIR OWN BEHALF.VERNON'S ANN.TX.CONST. ART.1,SECT.10.INEFFECTIVE COUNSEL DENIED HER THESE RIGHTS."THERE ARE FEW RIGHTS MORE FUNDAMENTAL THAN THAT OF AN ACCUSED RIGHT TO PRESENT WITNESSES IN HIS[HER] OWN DEFENSE."DIEIZ V.STATE,123 S.W.3d,528,532(TEX.APP.SAN ANTONIO 2003)(DIEIZ CITES CHAMBERS V.MISSISSIPPI,410 U.S.284,303,93 S.CT.1038,35 L.ED.2d,297(1973).THE SUPREME COURT MADE IT CLEAR THAT"THE ERRONEOUS EXCLUSION OF CRITICAL CORROBORATIVE EVIDENCE MAY VIOLATE BOTH THE U.S.CONST.5th AMEND.DUE PROCESS & CONST.6th AMEND.RIGHT TO PRESENT A DEFENSE."DE PEIRIS V.KUYKENDALL,239 F.3d,1057,1062(9th CIR.2001).

COUNSEL STATED HE COULD NOT CALL ONE OF HER MATERIAL WITNESSES DUE TO A "CONFLICT OF INTEREST",YET HE DID NOT INFORM[31.] THE COURT NOR DID HE RECUSE HIMSELF.ROBERT THOMPSON THE POTENTIAL WITNESS WITH WHOM DEFENSE COUNSEL STATED HE COULDN'T CALL THE WITNESS,DUE TO HIS HAVING "CONFLICT OF INTEREST":THOMPSON(A.K.A.TOOMBSTONE)LIVED WITH SCOTT & HER"FIANCE", WILLIAM(BILLY)PALMER.AND WAS WITNESS WHO COULD TESTIFY TO MITIGATING EVIDENCE OF PLANNED FESTIVITIES OF DRUGS & DOING TATICOS,THAT EVENING THE REASON JOJO(GARCIA'S)TATICO EQUIPMENT WAS LOADED IN RENTAL CAR TO TAKE TO BRAZORIA HOME OF SCOTT PALMER & THOMPSON.THERE WAS NO OTHER REASON TO HAVE PACKED UP THE TATICO THINGS IN THE CAR,OTHER THAN TO CARRY OUT PLANS THE FACT THAT WHEN FALCO'S RENTAL CAR WAS STOPPED ON THE NIGHT OF PSEUDO KIDNAPPING,THE TATICO STUFF WAS STILL IN THE CAR SEE EXHIBIT #5,PG.2,FT.n.5(RELEVANT EVIDENCE OF THIS BEING IN PREPARATION FOR THE EVENING OF DRUGS & TATICOS)JOJO'S ONLY PROPERLY IN CAR,TATICO STUFF IN THE TRUNK.IF THE PLAN WAS TO KIDNAP SCOTT,THEY WOULDN'T HAVE GONE TO THE TROUBLE OF LOADING UP THE HEAVY BAGS OF TATICO THINGS.

OTHER MATERIAL WITNESSES,SEE WRIT PG.16,FT.n.32,MATERIAL WITNESSES TRAVIS BYBEE AND ROBERT McFERRAN.WHO IN ONE IN-CIDENT,WERE STOPPED BY L.J.P.D.OFFICER WINGO.INCIDENT PRIOR TO THE SO CALLED KIDNAPPING:THEY WERE LEAVING APPELLANTS HOME IN LAKE JACKSON,IN 2 SEPERATE TRUCKS,& WERE BOTH PULLED OVER BY OFFICER WINGO.OFFICER TOLD THEM:"I SET GINO,PATRICK THOMPSON UP WITH SOME METH,& HE'S GOING TO BE GONE AWHILE."WINGO LOOKED AT ROBERT & SAID:"YOUR GIRLFRIEND IS NEXT".HE FURTHER STATED-"BOYS,IF YOU LAY WITH DOGS,YOUR BOUND TO GET FLEAS!"HE THEN LET THEM GO AND THIS IS EVIDENCE:INTENT/SET U 29.CONT.EXHIBIT #5,PG.2,PAR.4,L.7-8,TAPED CONVERSATION WITH JOJO,WHILE HE'S AT COUNTY DETENTION CENTER.REFERENCE CAR GOT SLOW:NIGHT OF THE "KIDNAPPING"SAYS:GETTING ORAL SEX,RELEVANT EVIDENCE OF JOJO'S UNZIPPED PANTS.SEE FT.N.9 ALSO(BATON AN S&M/BONDAGE PROP)(IN CAR EXHIBIT #11,PAR.1.L.13.)
30.PROPOSED WITNESSES,APPELLANT WANTED TO CALL.WHEN ACCUSED FAILS TO INTRODUCE AVAILABLE WITNESSES WHO WOULD TESTIFY IN (HER]FAVOR,IT IS A "LEGITIMATE DEDUCTION AGAINST HIM[HER]& CAN BE ARGUED AGAINST HIM[HER]BEFORE A JURY."SEE D.A.'S CLOSE VOL.5,PG.105,L.23-25 & PG.106,L.1-8,D.A.SAYS ACCUSED HAD "HAD MONTH TO COME UP WITH A STORY"....VEILED REFERENCE TO NO WITNESSES+NOT TESTIFYING.SEE SEARCY V.STATE,231 S.W.3d,539,548-9(TEX.APP.TEXARKANA 2007)(CITES HOWARD V.STATE,153 S.W.3d 382,385-6(TEX.CRIM.APP.2004)NO OBJECTION FROM DEFENSE.GOES TO INEFFECTIVE ASSISTANCE COUNSEL,NOT CALLING FAVORABLE WITNESS ES WHEN THEY WERE AVAILABLE IS A "LEGITIMATE DEDUCTION.OPENING THE DOOR TO DISTRICT ATTORNEY'S USE OF VEILED REFERENCE T NOT TESTIFYING & NOT CALLING ANY DEFENSE WITNESSES:DEFENSE COUNSEL DID NOT ALLOW HER TO TESTIFY,NOR DID HE CALL ANY OF E EXHIBIT #30,WITNESS LIST.HOLDING HER NOT TESTIFYING AGAINST HER AT VOIR AND TRIAL VIOLATED:V.T.C.A.C.C.P.38.08.
31.ON NEXT PAGE.

AS DIETZ ID AT 532,NOTES;THE U.S.C.CONST.AMEND.6,BENEFIT OF COMPELLING WITNESS AND HAVING EFFECTIVE COUNSEL THAT WILL INVESTIGATE AND CALL WITNESS FOR ACCUSED DEFENSE IS A FUNDAMENTAL RIGHT.AND THE TWO WITNESSES WHO ACTUALLY HEARD L.J.P.D. OFFICER WINGO ADMIT THAT HE SETS PEOPLE UP WAS RELEVANT AND MATERIAL TO APPELLANTS DEFENSE.HE LETS THE MEN KNOW HE INTENDS TO SET UP/ENTRAP "YOUR GIRLFRIEND:"[APPELLANT/FALCO].WITNESSES WOULD HAVE GIVEN MITIGATING/ EXCULPATORY DEFENSE,AND TRAVIS BYBEE AND ROBERT McFERRAN WERE BOTH LOCAL,READILY AVAILABLE AND WILLING TO TESTIFY. AND COUNSELS NOT EVEN TRYING TO CONTACT THESE AND EXCLUDING THESE MATERIAL WITNESSES DENIED HER THAT FUNDAMENTAL RIGHT AND McFERRAN ACTUALLY WENT HUNTING FOR APPELLANTS ATTORNEY WHEN COUNSEL FAILED TO CALL AND EXCLUDED MATERIAL WITNESSES. SEE EXHIBIT #33.LETTER AND ENVELOPE,WROTE ON BACK OF ENVELOPE:"YOUR LAWYER IS NOT INTERESTED IN WHAT I KNEW."AND "TO OBTAIN RELIEF ON AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM,THE DEFENDANT MUST SHOW THAT HIS EXCLUDED WITNESSES TESTIMONY WOULD HAVE BEEN OF SOME BENEFIT TO THE DEFENSE.U.S.C.A.CONST.AMEND.6;EX PARTE WHITE,160 S.W.3d,46,52,F.n.13(TEX CRIM.APP.2004)THE TEST FOR PREJUDICE HAS ITS ROOTS IN THE MATERIALITY OF THE EXCULPATORY EVIDENCE.THE EXCLUSION OF THESE WITNESSES WITHOUT COUNSELS INVESTIGATION,IN NO WAY CAN BE SAID TO BE A SOUND TRIAL STRATEGY.AND FAILS THE COUNSELS DUTY TO MAKE REASONABLE DECISIONS THAT WILL RESULT IN A FAIR AND IMPARTIAL TRIAL.NO INVESTIGATION AND EXCLUDING OF WITNESSES WHOSE TESTIMONY ENABLES APPELLANT TO CLAIM A VITAL DEFENSE OF ENTRAPMENT/SET UP.THERE IS A REASONABLE PROB- ABILITY,THAT BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS,THE RESULTS OF THE PROCEEDING MAY HAVE BEEN DIFFERENT.A"REASONABLE PROBABILITY SUFFICIENT TO UNDERMINE THE CONFIDENCE IN THE TRIAL OUTCOME."U.S.C.A.CONST.AMEND.6;STRICKLAND ID AT S.CT. 2068.U.S.AT 694(1984).L.J.P.D.OFFICER WINGO'S INTENT TO CRAFT A CRIME IS OF SOME BENEFIT TO THE APPELLANTS DEFENSE. (d)FINAL POINT OF PROPOSED GROUND OF ERROR THREE;NO INVESTIGATION INTO THE VICTIM'S PATTERN:PRIOR SO CALLED KIDNAPPING SCOTT WAS SUPPOSEDLY INVOLVED IN.SCOTT BRAGGED OF HAVING BEEN IN A KIDNAPPING AND SHE WAS ABLE TO GET LOOSE AND THEN SEND THE POLICE TO HELP HER "FIANCE',PALMER.(AS RELAYED TO APPELLANT:EXHIBIT #5,PG.3,FT.n.11,)DEFENSE ATTORNEY WAS TOLD OF THIS INCIDENT,BUT DID NOT INVESTIGATE INTO THE RELEVANT FACTS AS THE CASE MERITS,WHEN IT IS OBVIOUS THAT FURTHER INVESTIGATION IS COUNSEL'S DUTY AND "TO NOT PREPARE[INVESTIGATE]IS GREATEST OF CRIMES&,TO BE PREPARED BEFORE HAND FOR ANY CONTINGENCY IS THE GREATEST OF VIRTUES."RICHTER V.HICKMAN,578 F.3d,944(CA 9 2009).THE CONSTITUTIONAL ROLE OF DEFENSE ATTORNEY INCLUDES INVESTIGATION.STRICKLAND ID AT S.CT.2066.PROOF OF THIS AS EITHER AN ACTUAL HAPPENING OR NOT HAPPENING,EITHER WAY,WOULD HAVE EXPOSED PRIOR PARTICIPATION IN SUCH A SCENARIO SCOTT FANTASIZED,AND WOULD HAVE GIVEN A JUROR PAUSE,THAT THIS LAST SO CALLED KIDNAPPING WAS ALSO AN EXCITING ROLE FOR HER. INVESTIGATION WAS VITAL TO APPELLANTS DEFENSE:[FACT OR FANTASY],IS SCOTT'S CONSISTENT BEHAVIOR.SEE VOL.4,PG.184,L.2-8 & 19-20:SHE TESTIFIED SHE WAS A THIEF,A DRUG ADDICT AND WAS INTO S&M/BONDAGE AND LIKES TO BE TIED UP.IT IS SUBSTANDARD COUNSEL PRACTICE NOT TO HAVE INVESTIGATED ANY OF THIS IN LIGHT OF THE KNOWN FACTS OF HER BEING INTO ROLE PLAYING S&M/BONDAGE WHERE SHE GETS TIED UP.HART V.GOMEZ,174 F.3d,1067,1070(U.S.9th CIR.1999)SEE:U.S.C.A.CONST.AMEND.6th,RIGHT TO EFFECTIVE COUNSEL, RIGHT TO A FAIR AND IMPARTIAL JURY.[ARMED WITH FACTS OF INVESTIGATION],RIGHT TO COMPEL AND CONFRONT WITNESSES:[THAT WOULD CORROBORATE DEFENSE.].ESPECIALLY THE ENTITLED ENTRAPMENT/SET UP DEFENSE WITNESSES:BYBEE AND McFERRAN.

## PROPOSED GROUND OF ERROR FOUR

INEFFECTIVE ASSISTANCE OF COUNSEL:

C.COUNSEL FAILED TO INVESTIGATE AND DEVELOP APPELLANTS CASE AND DEFENSE.

(a)COUNSEL DID NOT INVESTIGATE INTO SO CALLED VICTIM WORKING AS AN INFORMANT.POSSIBLE INDICATED DEFENSE OF ENTRAPMENT/ SET UP,NOT INVESTIGATED AND DEVELOPED.DID NOT INTERVIEW/CALL TO TESTIFY,MATERIAL WITNESSES WHO WERE TOLD BY L.J.P.D. OFFICER WINGO,THAT HE HAD SET UP THEIR FRIEND'GINO'AND THAT McFERRAN'S 'GIRLFRIEND'[APPELLANT FALCO]WOULD BE "NEXT", 32. NOR DID HE INTERVIEW OR CALL MATERIAL WITNESS WHO WROTE LETTER STATING SCOTT WAS INFORMANT.(PATRICK THOMPSON A.K.A.GINO) 31.WAS A LIE,SINCE THOMPSON(ROBERT),RAP SHEET:EXHIBIT #34,SHOWS THIS WAS NINE YEARS EARLIER WHEN DEFENSE DEFENDED HIM. 32.ON NEXT PAGE.

PROPOSED ERROR #4, PART (b)

(b) COUNSEL DID NOT SUBPOENA PHONE & TEXT RECORDS,FOR NIGHT OF 1/9/2015,INTO 1/10/2015.SCOTT WAS PACING ON PORCH WHILE CAR WAS BEING LOADED,TALKING AND TEXTING ON THE PHONE.VOL.4,PG.94,L.5-10.(GOES TO EXCULPATORY EVIDENCE)

FACTS IN SUPPORT OF PROPOSED ERROR FOUR:

#(a)1.LAKE JACKSON POLICE DEPT.(L.J.P.D.)SUSPECTED DRUG ACTIVITY,AT APPLICANT/FALCO'S HOME AT 424 WINDING WAY,LAKE JACKSON,TX.AFTER THE SO CALLED KIDNAPPING OF KARRI SCOTT ON 1/10/2015,JIMMY GARCIA(JOJO) WAS CHARGED IN CAUSE # 75459-CR. DURING THIS FALL PARTNER'S TRIAL, TAYLOR JONES(INFORMANT)WAS UNMASKED BY THE TESTIMONY OF L.J.P.D. OFFICER WINGO.

#2.IN SPITE OF SURVEILLANCE,L.J.P.D.HAD BEEN UNABLE TO MAKE AN ARREST AT THAT LOCATION.(FALCO'S HOME)

#3.KARRI SCOTT AND HER LIVE IN BOYFRIEND INITIATED(SET UP)MEETING FALCO,NOT ONLY TO DO BUSINESS(TO SELL FENCED(STOLEN) MERCHANDISE,BUY DRUGS)THEY BEFRIENDED APPELLANT,MAKING FREQUENT VISITS TO FALCO'S HOME.[POSITIONED THEMSELVES TO ACT]

#4.FALCO DISCOVERED DURING ONE OF THE VISITS,$1,500.00 WAS MISSING FROM HER PURSE.SHE SUSPECTED KARRI SCOTT.

#5.FALCO CONFRONTED SCOTT WITH THE MISSING MONEY.SCOTT DENIED IT,BUT AGREED TO REPAY THE MONEY BY GIVING FALCO A TITLE LIEN ON HER TRUCK.(COLLATERAL)SCOTT EXPLAINED IT WOULD ONLY BE UNTIL MONDAY WHEN SHE GOT HER VETERANS,CHECK TO PAY HER.

#6.FALCO GOT HOLD OF A LETTER GINO(PATRICK THOMPSON)HAD WRITTEN FROM JAIL,WARNING THAT SCOTT WAS AN INFORMANT,WORKING WITH L.J.P.D. OFFICER WINGO.
(AFTER HER ARREST)

#7.FALCO MADE A LIST OF MATERIAL WITNESSES EXHIBIT #30.AND GAVE THEM TO HER ATTORNEY.SEE WRIT PG.16,FT.n.32,TRAVIS BYBEE AND ROBERT McFERRAN,WERE BOTH PULLED OVER BY OFFICER WINGO,AS THEY LEFT APPELLANTS HOME.THEY WERE IN 2 SEPARATE TRUCKS.WINGO TRIED TO INTIMIDATE THEM BY BRAGGING THAT HE HAD SET UP THEIR FRIEND GINO(PATRICK THOMPSON)WITH SOME METH AND "HE WOULD BE GONE AWHILE."[GINO THE WARNING LETTER WRITER]OFFICER WINGO LOOKED AT ROBERT AND SAID:"YOUR GIRLFRIEND(FALCO) IS NEXT."FG.16.FT.n.32.WHEN FALCO WAS ARRESTED AND CHARGED WITH AGGRAVATED KIDNAPPING ALONG WITH GARCIA,SHE COMPILED A MATERIAL WITNESS LIST FOR THE ATTORNEY.THE LIST INCLUDED THE TWO MEN ABOVE AS WELL AS GINO,THE MEN COULD HAVE TESTIFIED TO WINGO BRAGGING ABOUT SET UP ON GINO AND THEN THREATENED THAT APPELLANT WAS "NEXT." THE MEN ARE ALL LOCALS AND WERE READY TO TESTIFY TO WHAT WINGO TOLD THEM.ALSO,MR.TRAVIS BYBEE WAS AT THE COUNTY JAIL,JUST WAITING TRANSPORT TO TDCJ-ID(TEXAS DEPT.CRIMINAL JUSTICE,INSTITUTIONAL DIVISION)AND WAS AVAILABLE TO TESTIFY.

#8.GARCIA AND FALCO HAD GONE TO A FRIENDS HOME TO PICK UP 2 PISTOLS SHE HAD BARTERED FOR,THEY HAD BEEN TAKEN APART BY HER BOYFRIEND,ROBERT McFERRAN,WHEN HE WAS KEEPING THEM FOR HER.HER FRIEND WAS ONLY ABLE TO REPAIR ONE OF THE GUNS. ON THEIR(FALCO & GARCIA)WAY BACK WITH THE PISTOLS,THEY DROVE UP TO FALCO'S HOME TO FIND KARRI SCOTT AND HER ROOMMATE ROBERT THOMPSON(A.K.A.TOOMBSTONE) WAITING FOR THEM.THEY JOINED JOJO AND FALCO IN THE RENTAL CAR.GARCIA SHOWED THE INOPERABLE ONE TO TOOMBSTONE AND THEY DISCUSSED THIS IN MY AND SCOTT'S PRESENCE.GARCIA AND TOOMBSTONE LEFT FOR BRAZORIA IN THE RENTAL CAR.AND KARRI SCOTT AND I LEFT ABOUT 20 MINUTES LATER IN HER TRUCK,TO THE BRAZORIA HOME WHERE SHE LIVED WITH HER SO CALLED FIANCE WILLIAM(BILLY)PALMER AND TOOMBSTONE.WHEN WE GOT TO BRAZORIA WE ALL DID DRUGS.AND SCOTT FOUND OUT GARCIA WAS A TATTOO ARTIST AND HAD A LOT OF COLORS.AND HE AND SCOTT DID A LOT OF FLIRTING,ESPECIALLY WHEN IT WAS REVEALED THAT GARCIA WAS ALSO A PRACTITIONER OF S&M/BONDAGE AS SHE WAS.

#9.SCOTT PROPOSED ALL OF US GOING TO HER HOME IN BRAZORIA TO DO TATTOOS AND ALSO DRUGS,WHICH SHE EXPECTED FALCO WOULD BRING TO THE FESTIVITIES.GARCIA AND FALCO LEFT TO GO GET HIS TATTOO EQUIPMENT AND BRING BACK FOR THE PARTY.WE STOPPED TO GET GAS,AND WE HAD NOT REALIZED SCOTT HAD FOLLOWED US IN HER TRUCK.WHEN WE GOT TO LAKE JACKSON,WE DID MORE DRUGS. AND SCOTT KEPT UP THE FLIRTING.WE DISCUSSED THE TITLE LIEN AND I ASKED IF PALMER HAD ANOTHER KEY.I DID NOT WANT HIM PICKING UP THE TRUCK UNTIL I WAS REPAYED.SCOTT TOLD ME HE PROBABLY DID HAVE A KEY BUT I COULD JUST MOVE THE TRUCK OVER A FEW BLOCKS TO KEEP HIM FROM COMING AND GETTING IT.I FOLLOWED HER SUGGESTION & MOVED THE TRUCK.

32.BOTH BYBEE AND McFERRAN COULD HAVE TESTIFIED,IT WAS OFFICER WINGO'S INTENTION THAT FALCO WAS NEXT.(INTENT TO ENTRAP ATTORNEY EXCLUSION:CORROBORATIVE WITNESSES(GOES TO INEFFECTIVE COUNSEL)(ERROR #4,FG.15,L.6.WARNING LETTER.)

FACTS IN SUPPORT OF PROPOSED ERROR FOUR CONTINUED:

#10. AT FALCO'S TRIAL,[33.] THE FEMALE OFFICER CARLSON, WHO HAD BEEN WATCHING THE HOME THROUGH NIGHT VISION GOGGLES, NOTES THE TRUCK LEAVING IN HER TESTIMONY. SHE ALSO TALKS ABOUT SOMEONE PACING ON THE PORCH AND THE BACK AND FORTH TO THE CAR. SHE ALSO HELPFULLY OUTLINES THE COMPUTER TEXTING OF THE COORDINATED EFFORT OF L.J.P.D. AND THIS DOCUMENTS THE TRUCK HAVING LEFT. AND IT WAS SCOTT WHO WAS ON HER PHONE TEXTING AND TALKING ON HER PHONE.IN SCOTT'S TESTIMONY SHE (AND HAD PHONE TAKEN,SAME PHONE SHE WAS SENDING TEXT MESSAGES ON) IS SUPPOSEDLY DRUGGED,THREATENED AND KIDNAPPED: AND IT WOULD SUPPOSEDLY BE DURING THE TIME SHE IS ON THE PHONE AND

#11. HELPFUL TIME LINE FROM: EXHIBIT #9.PG.13,PARAGRAPH 6."INTERVIEW",WILLIAM(BILLY)PALMER. OUTLINES THE PHONE AND TEXT MESSAGING: (SEE EXHIBIT #5,PG.5,TEXT AND PHONE RECORDS #1-6.) WITH SCOTT.PLUS OTHERS NOT DOCUMENTED.TRUCK HAD ALREADY BEEN GONE ACCORDING TO OFFICER CARLSON,AND ACCORDING TO KERRI SCOTT'S TESTIMONY SHE HAD ALREADY BEEN DRUGGED, THREATENED AND HAD HER PHONE TAKEN.THIS IS HER ON THE PHONE AND TEXT,MESSAGING,THERE IS NO S.O.S. OR 9-11.HAD SHE BEEN KIDNAPPED AND TIED UP,AND DRUGGED AND HAD HER PHONE TAKEN, THIS WOULD NOT HAVE BEEN POSSIBLE,FOR HER TO HAVE BEEN:ITEM #5."TEXT BACK AND FORTH A COUPLE OF TIMES CHATTING."NOR WOULD #6."WALKING OUT TO HER TRUCK AND HE RESPONDS, "BE CAREFUL."THE TRUCK THAT WAS NOT EVEN THERE AT THAT POINT. AND THE PHONE SHE IS TEXTING ON AND PACING UNFETTERED ON,SO SHE COULD HAVE MADE A 9-11 CALL, RAN TO A NEIGHBORS, OR LET HER HANDLERS KNOW SHE WAS IN TROUBLE.SEE: #5-EX.ID.

(b)THE FACT THAT THIS WAS SCOTT PACING ON THE PORCH,ON HER PHONE AND TEXTING AS OUTLINED IN A TYPICAL POLICE PRACTICE OF KEEP IN CONSTANT TOUCH.DEFENSE ATTORNEY WAS MADE AWARE OF ALL THIS BUT DID NOT SUBPEONA SCOTT'S PHONE AND TEXT RECO

#1. PERSON PACING ON PORCH:VOL.4,PG.94,L.5-10.AS IN OFFICERS (CARLSON) TESTIMONY.OTHERS WERE LOADING UP THE RENTAL CAR.

#2. WHAT THE TIME LINE OF EXHIBIT #9 SHOWS,WAS MATERIAL TO APPELLANTS DEFENSE OF ENTRAPMENT/SET UP, AND PRACTICE IS TOO SIMILAR TO THAT OF THE COMPUTER TEXT MESSAGING SYSTEM THE SURVEILANCE OFFICER CARLSON OUTLINES IN HER TESTIMONY.SEE VOL.4,PG.90,L.22-24..."SO I LET OFFICER NUTT AND OFFICER WINGO KNOW THROUGH THE COMPUTER SYSTEM IT'S A TEXT MESSAGING THROUGH THE COMPUTER....PG.91,AT THEN YOU STARTED TO COMMUNICATE WITH WINGO AS WELL AS OFFICER NUTT? THROUGH YOUR...LET EXPLAIN THAT SYSTEM TO US.'""IT'S A COMPUTER THAT-IT'S LIKE TEXTING, THE SAME WAY YOU WOULD TEXT ON A PHONE AND SEND A MESSAGE.IT COMES THROUGH IMMEDIATELY.SO YOU SEND A MESSAGE TO THE OFFICERS CONTROL NUMBER THAT THEY'RE LOGGED IN UNDER.SO YOU WOULD SAY THAT YOURSELF,OFFICER WINGO AND OFFICER NUTT BASICALLY HAVE A COORDINATED EFFORT THAT NIGHT AT LEAST KEEPING AN OBSERVATION ON 424 WINDING WAY?"(POLICE PRACTICE KEEPING IN CONSTANT TOUCH TO PROTECT INFORMANT)

#3. THE ATTORNEY DID NOT GET THE PHONE RECORDS VITAL TO A DEFENSE OF ENTRAPMENT SET UP.AT THE TIME ALL THIS BACK AND FORTH, TOOK PLACE, FALCO HAD DECIDED NOT TO GO WITH GARCIA AND SCOTT TO BRAZORIA, SO POSSIBLE PLAN A OF A DRUG BUST AT THE BRAZORIA HOME WAS FOILED.AND THE SCRAMBLE WAS ON TO COME UP WITH ANY OTHER REASON TO ARREST FALCO.INEFFECTIVE COUNSEL FAILED TO AFFORD APPELLANT THE INDICATED DEFENSE.AND HAD APPELLANT NOT FLESHED OUT THE RECORD BY GETTING THE POLICE RECORDS WITH THE CRITICAL TIME LINE, THIS MISCONDUCT OF POLICE INFORMANT'S PSEUDO KIDNAPPING OR HER PLAN B, WOULD NEVER BEEN UNCOVERED BY THE RECORD.

ARGUMENT PROPOSED POINT OF ERROR FOUR:

(a)#1.APPELLANTS FALL PARTNER JOJO GARCIA,WENT TO TRIAL IN CAUSE #75459-CR FOR AGGRAVATED KIDNAPPING IN 2015.AT TRIAL OFFICER WINGO(L.J.P.D.)TESTIFIED AND UNMASKED ONE OF THE INFORMANTS:TAYLOR JONES;HOW THIS ALL CAME ABOUT:

APPELLANT/FALCO'S LONG TIME FRIEND,GARCIA(A FORMER FREEPORT RESIDENT)HAD RELOCATED TO BRENHAM,TX. AND HAD BEEN STAYING WITH A FRIEND,WHEN HE GOT OUT OF I.S.F.(INTERMEDIATE SANCTION FACTION ).FALCO WENT TO BRENHAM,TO PICK HIM UP FO A VISIT.(1/6 OR 1/7)HE BROUGHT HIS TATTOO THINGS WITH HIM,BECAUSE SHE HAD TALKED TO HIM ONCE BEFORE ABOUT GETTING 'MIS-UNDERSTOOD'TATTOOED ON HER BACK AT THE WAIST LEVEL.HE HAD PREVIOUSLY DRAWN THE PATTERN FOR IT.SHE HAD ONCE SHOWN THE PATTERN TO KARRI SCOTT.(SO CALLED VICTIM)SCOTT THOUGHT IT WAS REAL COOL & THAT JOJO WAS TALENTED.JOJO WAS STAYING WITH FALCO,BUT WOULD BE GOING BACK TO BRENHAM ON 1/10.

1/9 AM,JOJO WENT WITH FALCO TO PICK UP 2 PISTOLS SHE HAD TAKEN TO A FRIEND TO BE REPAIRED.WHEN THEY DROVE UP AT

33. ON NEXT PAGE.

17.

FALCO'S HOUSE,KERRI SCOTT AND HER ROOMMATE ROBERT THOMPSON(TOOMBSTONE)WERE WAITING FOR THEM.SCOTT & THOMPSON JOINED THEM IN HER RENTAL CAR.JOJO WAS SHOWING TOOMBSTONE THE 1 GUN THAT WAS STILL INOPERABLE .THE COUPLE HAD A WEEDEATER TO SELL.(STILL IN THE BOX)TOOMBSTONE HAD AN ANKLE MONITOR & HAD TO GET BACK TO BRAZORIA BEFORE HE GOT IN TROUBLE,JOJO DROVE HIM TO BRAZORIA IN THE RENTAL CAR.SCOTT & FALCO LEFT IN SCOTT'S TRUCK FOR BRAZORIA 20 MINUTES LATER.AT SCOTT'S WE ALL DID DRUGS & SCOTT WANTED A TATTOO.SHE HAD BEEN WANTING ONE WITH COLORS.SHE PLANNED A FESTIVE TIME WITH DRUGS & TATTOOS,AT HER BRAZORIA HOME.FALCO & JOJO LEFT FOR LAKE JACKSON TO GET THE TATTOO THINGS.SCOTT FOLLOWED THEM UNINVITED. SHE WAS IN HER TRUCK.AT TRIAL SHE LIED ABOUT WHY SHE WENT TO FALCO'S HOME.SEE:VOL.4,PG.142,L.1-8.TIME LINE OF THE TEXT AND PHONE MESSAGING STARTS WHEN SCOTT LEFT TO FOLLOW FALCO AND JOJO,WHO HAD LEFT IN THE RENTAL CAR FOR LAKE JACKSON TO REIRIEVE THE TATTOO STUFF FOR THE TATTOOS.THIS SO CALLED DRUGS AND TATTOOS AT THE BRAZORIA HOME OF SCOTT WAS THE INDUCE-MENT" BY INFORMANT SCOTT.[THE HOOK].THIS IS THE LANGUAGE OF THE V.T.C.A.PENAL CODE ENTRAPMENT STATUTE V.T.C.A.V.T.C.A. PENAL CODE SECT.8.06(a)(WHICH IS DEFENSE FOR PROSECUTION)STATES CONDUCT MUST BE CONCEIVED IN THE MIND OF LAW ENFORCEMENT OR THEIR AGENTS.(INFORMANT)AND IN THIS CASE,THE SO CALLED TATTOOS AND DRUGS,AT HER BRAZORIA HOME WAS TO BE THE INDUCEMENT SHE KNEW OF FALCO'S NEED TO GET HER TATTOO DONE BEFORE JOJO WENT BACK TO BRENHAM THAT MORNING.AND IF SHE(SCOTT) COULD INTICE JOJO TO COME TO THIS AND DO HER TATTOO,SHE COULD COMPLETE THE REQUIREMENT OF THE STATUTE PART OF THE "PERSUASION.. KNOWING HOW LONG FALCO HAD WAITED FOR THIS TATTOO THAT JOJO HAD ALREADY DONE THE PATTERN FOR, SHE COULD PERSUADE FALCO TO COME TO BRAZORIA(TO ACCOMPLISH THE BUST)IN ORDER TO GET HER TATTOO ALONG WITH HER GETTING HERS.THE PLAN WAS TOSSED AS A NECESSITY SINCE FALCO,WHO HAD SMALL BLOOD VESSEL DISEASE IN HER BRAIN,HAD A HEADACHE AND DID NOT FEEL LIKE GOING TO SCOTTS.IT WAS OBVIOUSLY CONCEIVED AS A DRUG BUST,BECAUSE SHE HAD PLANNED FOR FALCO TO SUPPLY THE DRUGS FOR THE BRAZORI SET UP.THE PLAN HAD TO CHANGE BECAUSE FALCO DECIDED NOT TO GO TO BRAZORIA.THEY(POLICE)WANTED FALCO BADLY AND HAD NOT BEEN ABLE TO BUST HER FOR ANYTHING.THE FACTS SET DOWN IN SUPPORT OF ERROR FOUR #1.HOME AT 424 WINDING WAY WAS UNDER SUR-VEILANCE BY L.J.P.D.SHIFT CHANGE:WINGO TOLD OFFICERS TO WATCH HOUSE.VOL.4,PG.86,L.4-22.

ERROR FOUR,FACTS IN SUPPORT (a)#1-10 ARE SET DOWN IN WRIT:STATEMENT OF THE CASE.ALSO ERROR FOUR (b)#1,ON PGS.2-5. THESE FACTS ALONE MAKE A PRIMA FACIE CASE THAT THIS IS A PSEUDO KIDNAPPING.AND TEXT MESSAGING OF PALMER AND SCOTT DURING THIS INCIDENT OF THE PSEUDO KIDNAPPING THAT IS SET DOWN AND INNUMERATED IN SCOTT'S AND HER "FIANCE'S TEXT AND PHONE MESSAGING EXHIBIT #9,PG.13,WHERE  HE SETS DOWN THE MESSAGING,IS FOR CLARITY SET DOWN IN EXHIBIT #5,PG.5,ITEMS 1-6.ALSO SEE FT.n.35.THERE IS NO DOUBT THAT THIS IS A VALID TRANSCRIPT OF THE MESSAGING BETWEEN THE COUPLE AND THE SO CALLED "VICTIM'S'IS THE PERSON WHO HE IS IN TOUCH WITH.THAT BEING THE CASE,THIS IS HER TEXTING IN AN UNHURRIED FASHION,WHEN ACCORDING TO POLICE SUPPLEMENTAL RECORDS,THE TRUCK HAS ALREADY BEEN GONE.(FALCO MOVED IT)AND THE SO CALLED DRUGGING AND THREATENING HAD TAKEN PLACE.SEE FT.n.33 OFFICER CARLSON'S TESTIMONY.IF SCOTT IS FREE TO USE THE PHONE,IN HER TESTIMONY SHE SAYS (PURSE TAKEN)WAS TAKEN AWAY FROM HER,SHE WAS ALSO FREE TO SEND AN S.O.S. OR 9-11 CALL! THIS IS CONSISTENT WITH A LATE PLAN OF ENTRAPMENT,HATCHED WHEN APPELLANT/FALCO DECIDED NOT TO GO TO THE BRAZORIA HOME.THERE COULD BE NO DRUG BUST AS IS THE OBVIOUS PLAN.AND IS CONSISTENT WITH A SET UP/ENTRAPMENT OF A PSEUDO KIDNAPPING,MADE TO LOOK AND TO ACCOMPLISH THE SAME RESULTS:AN ARREST OF APPELLANT.& IN THIS CASE THE UNWITTING SO CALLED FALL PARTNER,WHO REALLY JUST

33.FEMALE SURVEILLANCE OFFICER CARLSON WHO WATCHED THE HOUSE THAT NIGHT(1/10)DOCUMENTS THE TRUCK SCOTT DROVE TO LAKE JACK SON LEAVING IN HER TESTIMONY.VOL.4,PG.90.L.20-25 &PG.94,L.1-10.(FACT #10.IN SUPPORT OF NO KIDNAPPING,SINCE THIS WOULD HAVE BEEN,(MOVING TRUCK)AFTER SHE HAD SUPPOSEDLY BEEN DRUGGED,THREATENED,KIDNAPPED.& HAD PHONE TAKEN,YET OFFICER DOCUMEI SOMEONE ON THE PORCH PACING BACK & FORTH AFTER TRUCK LEFT WITH FALCO DRIVING.AND SHE(SCOTT)IS THE ONE ON THE PORCH.FALCI IS GONE(MOVED THE TRUCK)AND JOJO IS LOADING THE CAR WITH TATTOO STUFF TO TAKE TO BRAZORIA.AND SHE IS ONE ON THE PORCH OI HER PHONE TEXTING.SEE TIMELINE SET DOWN IN EXHIBIT #9."INTERVIEW WILLIAM(BILLY)PALMER.HE SETS DOWN A TIMELINE ON TEXT & PHONE MESSAGES OF SCOTT AND HIMSELF.ALSO SEE EXHIBIT #5.ITEMS #1-6.IN CONSTANT & DIRECT CONTACT WITH PALMER & UNKNOWN OTHERS.THE POINT OF MOST OF THE MESSAGES IS THAT THERE IS NEVER AN S.O.S. OR 9-11.

34.SET UP CONCEIVED BY SCOTT,WHO HAS REASON TO EARN LENIENCY-BEING INFORMANT.OFFICER WINGO'S TESTIMONY ABOUT A DRUG SIG OF THIS TRUCK DAYS PRIOR TO THIS:(SO CALLED KIDNAPPING)VOL.4,PG.41,L.1-6.THIS IS REASON HE WAS FAMILIAR WITH THE VEHICLI VOL.4,PG.65,L.7-25,(KERRI'S TRUCK).

35 & 36 . NEXT PAGE.

WANTED A PIECE OF TAIL! IT WAS UNFORTUNATE, BUT GARCIA GOT ENTRAPPED INTO THE L.J.P.D. INFORMANTS ATTEMPT TO GET THE APPELLANT, EVEN IF THEY HAD TO MANUFACTURE A CRIME! THE PURPOSE OF AN ENTRAPMENT DEFENSE IS TO PREVENT IMPERMISSIBLE POLICE CONDUCT.BRADLEY V.DUNCAN,315 F.3d,1095,1096(CA 9 2002)SEE UNITED STATES V.SHERMAN,356 U.S.369,372,78 S.CT. 819,2 L.ED.2d,848(1958).

"THE ENTRAPMENT DEFENSE EXPRESSES PUBLIC POLICY CONDEMNING THE IMPLANTING OF GERM CRIMINALITY NO MATTER HOW FAVORABLE THE CULTURE."V.T.C.A. PENAL CODE SECT.8.06(a);HERNANDEZ[ALEXANDER]V.STATE,149 S.W.3d,761,764(TEX.APP.-AUSTIN 2004).

APPELLANT SETS DOWN FACTS SUPPORTING HER ENTITLEMENT TO THE PRESENTATION OF ENTRAPMENT/SET UP DEFENSE TO THIS [PSEUDO]KIDNAPPING CHARGE:PG.16-17,(a)1-11,(b)1-3,PRIMA FACIE EVIDENCE OF ENTRAPMENT.[37].

#1.SCOTT HAD BEEN EXPOSED BY GINO'S LETTER,WARNING SHE WAS WORKING WITH L.J.P.D.OFFICER WINGO AS A "SNITCH".[POLICE INFORMANT] EXHIBIT #5,PG.1,FT.n.1.
#2.SCOTT AND PALMER ARRANGED TO MEET AND DO BUSINESS WITH APPELLANT DECEMBER 2014.[PUTS THEM IN POSITION]
#3.L.J.P.D. SURVEILLANCE,PRIOR TO THIS [PSEUDO]KIDNAPPING HAD OFFICER WINGO STOPPING 2 FRIENDS OF FALCO.[TRAVIS BYBEE & ROBERT McFFERRAN]AND HE BOASTED OF GINO'S BUST & THAT "YOUR GIRLFRIEND"[FALCO]"IS NEXT.SEE PG.16.OF WRIT,#7,L.1-5.
#4.[CRIMINAL ENTRAPMENT/SET UP]"INDUCE[MENT]" WAS,ORIGINATED IN THE MIND OF INFORMANT, (SCOTT)WHO SET UP A NIGHT OF DRUG & TATTOOS AT HER HOME IN BRAZORIA,MAKING PLAIN TO APPELLANT THAT SHE EXPECTED FALCO TO BRING A SUPPLY OF DRUGS.THE "PERSUAS[ION]" WAS IF FALCO WANTED TO GET HER TATTOO BEFORE GARCIA LEFT THE NEXT MORNING,SHE WOULD HAVE TO COME TO BRAZORIA/SCOTT'S HOUSE.
#5.FALCO DECIDED NOT TO GO TO BRAZORIA,INADVERTINENTLY THROWING MONKEY WRENCH INTO SCOTT'S PLANS.[DRUG BUST WOULD NOT WORK NOW].SCOTT NEEDED THIS BUST,AS A BARGAINING CHIP:WINGO'S TESTIMONY VOL.4,PG.65,L.7-25.HE ADMITS BEING FAMILIAR WITH SCOTT'S TRUCK,AS HE HAD MADE A DRUG STOP ON THAT VEHICLE,RECENTLY.
#6.SCOTT WHO TESTIFIED OF BEING A THIEF,A DRUG ADDICT AND BEING INTO S&M/BONDAGE,THEN SOUGHT TO MAKE HER ROLE PLAY S&M BONDAGE,APPEAR AS KIDNAPPING,INSTEAD OF A WHAT IT WAS:A PSEUDO KIDNAPPING.FALCO KNEW SCOTT COULD GET OUT OF THE TIES, BECAUSE SHE LEFT FALCO'S SHE(SCOTT)WAIVED AT HER,MAKING IT OBVIOUS SHE WAS ABLE TO GET OUT OF THE TIES.EXHIBIT #5. PG.2,PAR.4,L.9-10.AT THE POLICE STOP,TO MAKE IT LOOK REAL,SHE HAD TO GET BACK INTO HER TIES.POLICE REPORT NOTES SHE IS MOVING HER SHOULDERS,OBVIOUSLY,TO GET BACK INTO TIES:PG.143,L.9-19.SHE DOESN'T HAVE HER GLOVES ON,ALTHOUGH IN VOL.4, PG.4,PAR.5,L.4. SHE TESTIFIED OF HAVING HER MONEY & HER METH. IN HER GLOVES.[GLOVES NOT IN POLICE REPORT]DEFENSE COUNSEL WAS MADE AWARE OF THE FACTS SUPPORTING ERROR #4,ESPECIALLY THE NECESSITY OF GETTING THE PHONE AND TEXT RECORDS.

DEFENSE COUNSEL DID NOT BOTHER TO OBTAIN THE INDICATED PHONE AND TEXT RECORDS:RELEVANT/MATERIAL EVIDENCE IN SUPR OF A ENTRAPMENT/SET UP DEFENSE.THIS OMISSION CAUSED HARM OF APPELLANTS NOT HAVING A RECORD OF THIS VITAL DEFENSE.SEE: EX PARTE AMEZQUITA,223 S.W.3d,363,368(TEX.CRIM.APP.2006)(COURT HELD DEFENSE COUNSEL'S FAILURE TO INVESTIGATE EVIDENCE VICTIM'S CELLULAR PHONE WAS INEFFECTIVE ASSISTANCE OF COUNSEL.(HABEAS GRANTED AT 366-7).AND PREJUDICE BY COUNSEL'S DENIAL OF VITAL DEFENSE BY NOT MOTIONING FOR THESE EXCULPATORY RECORDS(AND SUBPHONAING THEM)UNDERMINES PROPER FUNCTION ING AS THE ADVERSARY OF THE U.S.CONST.AMEND.6;TEXAS CONST.ART.1,SECT.10.IN CRIMINAL CASE,CONTRARY TO THE PROSECUTIONS CASE AND THE EVIDENCE;"DOES NOT HAVE TO OUTWEIGH EVIDENCE OF GUILT,IT HAS TO BE ONLY ENOUGH TO PROVIDE REASONABLE DOUBT DUDLEY V.STATE,205 S.W.3d,82,88-9.(TEX.APP.TYLER-TYLER 2006).THE TOTALITY OF THE CIRCUMSTANCES AS SET DOWN ON PAGE 7 OF WRIT,ITEMS #1-#5,AND THE ABOVE #1-6; APPELLANT BELIEVES ARE ENOUGH TO ESTABLISH "REASONABLE DOUBT"OF HER GUILT.AND THE REPRESENTATION OF DEFENSE COUNSEL'S ERROR OF COMMISSION ARE SO EGREGIOUS, THAT APPELLANT WAS DENIED THE REASONABLY EFFECTIVE COUNSEL OF THE U.S.C.A. CONST.AMEND,6 AND;TEXAS CONST.ART.1,SECT.10.HARM IS SHOWN BY THE DENIAL OF THE FUNDAMENTAL CONSTITUTIONAL RIGHTS SET DOWN IN THIS WRIT.AND COUNSEL WAS,SHE ASSERTS INEFFECTIVE.

35.TEXT MESSAGING OF PALMER AND SCOTT:EXHIBIT #9.INTERVIEW:WILLIAM(BILLY)PALMER,PG.13,ITEMS 1-6,AND ALSO SEE EXHIBIT #. PG.5,ITEMS 1-6.#1."9:59,SCOTT TEXT PALMER(LEAVING BUC-EE'S),#2.10:20 HE TEXT SCOTT ASK WHERE SHE WAS.#3.SCOTT TEXTED RI ONSE:JUST ARRIVED BACK INTO DEBRA'HOUSE.#4.SCOTT TEXT 10:32 LEAVING DEBRA'S SOON.#5.PALMER AT L.3-4.OF EXHIBIT # TEXT BACK & FORTH A COUPLE OF TIMES CHATTING.#6.10:54 SCOTT TEXT WALKING OUT DOOR TO HER TRUCK HE RESPONDED BACK,TELLING HE "BE CAREFUL."[SEE OFFICER CARLSON'S EXPLANATION OF POLICE TEXTING:WRIT VOL.4,PG.90,L.22-24."
36.V.T.C.A.PENAL SUBSECTION 2.05 & 8.06:DEFENSE AGAINST PROSECUTION.HERNANDEZ,[ALEXANDER]V.STATE,161,S.W.3d,491,4 (TEX.CRIM.APP.2005)MAKES A PRIMA FACIE CASE THAT SHE WAS ENTRAPPED.
37 HERNANDEZ:SUPRA.PRIMA FACIE CASE ENTRAPMENT.

38.

## CRITERIA FOR EVALUATION OF INEFFECTIVE ASSISTANCE OF COUNSEL:

"#1)TIME AFFORDED FOR INVESTIGATION & PREPARATION.
#2)THE EXPERIENCE OF COUNSEL.
#3)THE GRAVITY OF THE CRIME.
#4)THE COMPLEXITY OF THE CASE.
#5)ACCESSIBILITY OF WITNESSES."

### ANSWERS TO THE ABOVE QUESTIONS IN APPELLANTS CASE:

#1.A.THE DEFENSE ATTORNEY HAD 2½ YRS. TO DEVELOP AND INVESTIGATE THE CASE & HE KEPT GETTING EXTENSIONS OF THE COURT DATE.(HIS REQUEST)AMPLE TIME TO PREPARE HIS CASE, INCLUDING A THOROUGH INVESTIGATION.(DID NOT DO)

#2.A.DEFENSE COUNSEL WAS AN EXPERIENCED TRIAL LAWYER,WHO MADE ERRORS EVEN A NOVICE ATTORNEY WOULD HAVE KNOWN TO AVOID. OR NOT OMIT DEFENSIVE ISSUES.

#3.A.KIDNAPPING IS A SERIOUS THREE G OFFENSE,THAT THE COURT WOULD HAVE ALLOWED SPECIAL INVESTIGATION FOR.AND EXPERT WITNESSES FOR THE CASE, HAD COUNSEL BOTHERED TO MOTION FOR SUCH,VITAL AIDS.

#4.A.THE COMPLEXITY OF THE ISSUE OF THE PRACTICE OF SADOMASOCHISM & ENTRAPMENT/SET UP,ALSO MERITED THE ASSISTANCE OF EXPERTS/FORENSICS/DNA/INVESTIGATIONS,WHICH DEFENSE ATTORNEY DID NOT MOTION FOR.

#5.WITNESSES WERE LOCAL AND ALL WERE READY TO TESTIFY,EVEN THE ONE WITNESS WHO TRIED TO HUNT DOWN DEFENSE COUNSEL,TO OFFER HIS TESTIMONY.AND AS EXHIBIT #33.SAYS:YOUR LAWYER 'NOT INTERESTED IN WHAT I KNEW."AND THIS SO CALLED MATERIAL WITNESS:ROBERT McFERRAN, LIVED IN CLUTE.TRAVIS BYBEE WAS IN BRAZORIA COUNTY DETENTION CENTER (JAIL) AND GINO WAS OUT OF JAIL AT THE TIME AND WAS LIVING IN LAKE JACKSON."

### CONCLUSION:

NONE OF THESE PROPOSED TRIAL ERRORS SET DOWN IN THIS WRIT OF HABEAS CORPUS, WERE RAISED ON DIRECT APPEAL.INFORMATION OBTAINED BY APPLICANT WAS NOT INTRODUCED AT TRIAL.(POLICE SUPPLEMENTAL REPORTS,AFFIDAVITS ETC.IS THEREFORE NEW EVIDENCE SUBMITTED BY APPLICANT IN SUPPORT OF HER WRIT OF HABEAS CORPUS.)

IN PROPOSED ERRORS NO.2,3, AND 4,ALL OF THOSE ERRORS OF OMISSION AND OR COMMISSION, DEALT WITH THE VIOLATION OF THE UNITED STATES CONST.AMENDMENT 6;AND THE TX.CONST.ART.1,SECTION 10,FUNDAMENTAL RIGHTS.TO EFFECTIVE ASSISTANCE OF COUNSEL,& DENIAL OF THE COUNSEL GUARANTEED BY THE U.S.CONST.AMEND.6.VIOLATION OF THIS CONSTITUTIONAL RIGHT CAUSED HARM, FROM SUBSTANDARD PERFORMANCE.IN PRIOR DEALINGS WITH POLICE & THE COURTS,APPELLANT HAS ADMITTED GUILT & GOT HER PUNISHMENT.PUNISHMENT SHOULD BE FOR WHAT AN ACCUSED HAS DONE;NOT WHAT SHE WAS FRAMED FOR.AND POLICE HAVE AN OBLIGATION NOT TO CREATE CRIME BY ACTING IN A MANNER THAT IS A CRIME IN ITSELF;THEREBY DAMAGING THE CREDIBILITY & HONOR OF ETHICAL OFFICERS.MANIPULATION OF THE SCALES OF JUSTICE IS NOT JUSTICE! IT'S JUST US! APPELLANT HAS BEEN GUILTY OF MANY THINGS, BUT KIDNAPPING IS NOT ONE OF THEM! AN HONEST ADMISSION:AS THE ENGLISH LORD OLIVER CROMWELL,TOLD HIS PORTRAIT PAINTER: TO PAINT HIM WITH "WARTS AND ALL!" HARM IS SHOWN BY INCARCERATION OF AN INNOCENT PERSON,AND THE LOSS OF FUNDAMENTAL CONSTITUTIONAL PROTECTIONS.EX PARTE ELIZONDO,947 S.W.2d,202,209(TEX.CRIM.APP.1996).A DEFENDANT WHO PLEADS NOT GUILTY IS STILL ENTITLED TO A DEFENSE OF ENTRAPMENT.HERNANDEZ[ALEXANDER]V.STATE,149 S.W.3d,761,P.D.R.GRANTED,REVERSED 161 S.W. 3d,491,REHEAR.DEN.(APP.3DIST.2004).DEFENSE,ARMED WITH ALL SUPPORTING EVIDENCE FAILED TO PRESENT THE INDICATED DEFENSE.[4]

### PRAYER FOR RELIEF

WHEREFORE, I PRAY THAT THE HONORABLE COURT GRANT THE RELIEF TO WHICH APPLICANT MAY BE ENTITLED IN THIS PROCEEDING.

RESPECTFULLY SUBMITTED,


DEBORAH MARIE FALCO PRO SE TDCJ-ID NO.02149904

38.U.S.V.GOLUB,638 F.2d,185,189.(CA 10 1980).

39.ERROR THREE:ON PAGE 12(c)'.COUNSEL STATED "CONFLICT OF INTEREST"(WITH A MATERIAL WITNESS,REASON FOR NOT CALLING HIM) "CONFLICT OF INTEREST'BELIED BY RAP SHEET OF ROBERT LLOYD THOMPSON,WHICH DEFENSE ATTORNEY LINION REPRESENTED HIM IN;WA 9 YRS.PRIOR,SO NO CONFLICT EXISTED AND APPLICANT WAS DENIED THIS WITNESS.QUESTION:DID DEFENSE COUNSEL KNOW THOMPSON WA ALSO INFORMANT?SEE EXHIBIT #34.(RAP SHEET).

40."ENTRAPMENT DEFENSE IS UNIQUE IN THE THE LEGISLATURE DELIBERATELY PROVIDED IT MAY BE TESTED & DETERMINED AT A PRETRIAL HEARING ART.28.01(a)"BUSH V.STATE,611 S.W.2d,AT 433(TEX.CR.APP.1980);(PRETRIAL);SOTO V.STATE,681 S.W.2d,602,604(TEX.CR APP.1984).

## PRISONERS UNSWORN DECLARATION

I, DEBORAH MARIE FALCO, TDCJ-ID #02149904, BEING PRESENILY INCARCERATED IN THE TX. DEPT. OF CRIMINAL JUSTICE,THE INSTITUTIONAL DIVISION, CAROLE YOUNG MEDICAL FACILITY,5509 ATTWATER AVE. DICKINSON,TX.77539, DO HEREBY SWEAR UNDER PENALTY OF PERJURY, THAT THE ABOVE DOCUMENT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. PURSUANT TO THE TX. CIVIL PRACTICE & REMEDIES CODE 132.001-132.003 AND FEDERAL LAW 28 U.S.C.A. 1746, EXECUTED ON THIS THE ___ DAY OF ___ 2022.

DEBORAH MARIE FALCO TDCJ-ID #02149904

## CERTIFICATE OF SERVICE

I, DEBORAH MARIE FALCO, BEING PRESENILY INCARCERATED IN THE TX.DEPT. OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. DO HEREBY CERTIFY THAT AN ORIGINAL AND ONE COPY OF THE FOREGOING WRIT OF HABEAS CORPUS HAS BEEN MAILED FIRST CLASS MAIL POST PAID TO THE COURT OF CONVICTION,TO FORWARD TO THE COURT OF CRIMINAL APPEALS AT AUSTIN, ALONG WITH THE ANSWER FROM THE STATE AND ANY MOTIONS OR OTHER DOCUMENTS.AND TRANSCRIPTS.OF THE CAUSE NO.TRIAL COURT:75551-CR.

I ALSO INCLUDE A COPY FOR THE CLERK TO HAND DELIVER TO THE PROSECUTION. I CERTIFY THAT THE STATE HAS BEEN SERVED, ON THIS THE ___ DAY OF ___ 2022.(COURT OF CONVICTION WAS IN BRAZORIA COUNTY 412 JUDICIAL DISTRICT COURT: APPELLATE COURT WAS IN THE 14th DISTRICT HARRIS COUNTY,TEXAS IN CAUSE NO.14-17-00665-CR.

DEBORAH MARIE FALCO TDCJ-ID NO.02149904

PAGE 21.

AFFIDAVIT SHERRY MOORE NANCE

IN THE STATE OF TEXAS

COUNTY OF GALVESTON

I, SHERRY MOORE NANCE, TDCJ-ID NO.544804, DO HEREBY DEPOSE AND DECLARE THE FOLLOWING:

IN 2020, DURING THE HEIGHTH OF THE COVID PANDEMIC, I WAS ASKED BY DEBORAH MARIE FALCO: TDCJ-ID #02149904, TO ASSIST HER WITH A COLLATERAL APPEAL OF HER CONVICTION FOR AGGRAVATED KIDNAPPING, THAT TOOK PLACE ALLEGEDLY IN BRAZORIA COUNTY. FALCO HAS SEVERAL PREVIOUS FELONYS. MY CONDITIONS I SET FOR MY ASSISTANCE WAS THAT SHE WOULD TELL ME THE WHOLE TRUTH: "I DON'T CARE WHAT YOU DID, EVEN IF YOU KILLED THE POPE, JUST TELL ME YOU KILLED THE POPE, AND WE WILL WORK AROUND THAT." SHE TOLD ME SHE HAD NEVER TAKEN ANYTHING TO TRIAL, BEFORE NOW, BECAUSE SHE WAS GUILTY OF THE PREVIOUS OFFENSES AND PLEAD OUT, BECAUSE SHE WAS GUILTY AND SHE DID HER TIME. SHE ADAMATELY DENIED THIS OFFENSE.[KIDNAPPING].AS ENGLAND'S LORD OLIVER CROMWELL SAID, WHEN HIS PORTRAIT PAINTER WANTED TO NOT PAINT HIM AS HE WAS, BUT TO PAINT HIM TO LOOK GOOD: CROMWELL IN- SISTED HE BE PAINTED "WARTS AND ALL". FALCO HAD NOT BEEN ABLE TO FIND ANYONE TO HELP HER BEFORE. AND AS I SAID: THIS TIME DURING PANDEMIC WE HAD VERY LIMITED LAW LIBRARY ACCESS AND A SUBSTANDARD LAW LIBRARY WHERE ABOUT HALF THE TIME, WHEN WE SUBMITTED CASES FOR SHEPHERDIZING, THEY WERE UNABLE TO SHEPHERDIZE THEM AND THIS WAS ON CASES I KNEW FOR A FACT HAD BEEN CITED IN OTHER LEGAL APPEALS AND WERE STILL GOOD CASES.

I WAS CONVINCED OF FALCO'S INNOCENCE WHEN I OBTAINED THE POLICE REPORTS WILLIAM PALMERS STATEMENT(PG.13,PAR.6, & PG. 14,PAR.1.) AND DISCOVERED A TIME LINE THAT SUPPORTED WHAT SHE TOLD ME ABOUT BEING SET UP: THIS TIME LINE IS ALMOST A MIRROR IMAGE OF WHAT POLICE USE WHEN AN INFORMANT SETS UP POLICE ENTRAPMENT. FALCO HAD ASKED HER ATTORNEY TO OBTAIN PHONE RECORDS OF THE SO CALLED VICTIM, WHICH WOULD HAVE SHOWN HER CALLS TO HER HANDLER, WILLIAM PALMER. AND TRIAL DEFENSE ATTORNEY DID NOT DO THIS. ALSO THE SO CALLED VICTIM ADMITTED ON THE WITNESS STAND THAT SHE WAS A LIAR, A THIEF AND A DOPE ADDICT AND WAS INTO S&M/BONDAGE AND LIKED TO BE TIED UP[1]. SEE EXHIBIT #5 ALSO VOL.4,PG.184,LINE 2-13 & 17-20. THERE IS PROOF OF THAT IN THE ABOVE TESTIMONY AT FALCO'S TRIAL. ALSO BECAUSE THE DISTRICT ATTORNEY KNEW SHE WAS LYING, SHE SUBORNED PERJURY: SAYING THAT SHE HAD NOT BEEN PROMISED ANYTHING, AND TO CONTRADICT THAT, SHE GOT A SWEETHEART DEAL[2], IN RETURN FOR TESTIFYING AGAINST FALCO.SCOTT WAS INDICTED FOR FORGERY AND TRYING TO PASS A 50 DOLLAR BILL.VOL.4,PG.183 L.22-25 & PG. 184 LINE 1. AFTER THIS ATTEMPT FAILED SCOTT WENT OUT TO HER TRUCK SO HIGH SHE PASSED OUT WITH THE MOTOR RUNNING DUE TO ALL THE DRUGS SHE HAD IN HER SYSTEM. PRIOR TO SETTING UP FALCO SHE WAS ALSO USED TO ENTRAP ANOTHER BRAZORIA COUNTY RESIDENT: PATRICK THOMPSON (A.K.A. GINO) THE TWO OF THEM(GINO AND SCOTT) WERE IN HER TRUCK AND WERE STOPPED. BOTH HAD DRUGS[3], BUT HE, WAS THE ONLY ONE CHARGED. IN THE INSTANT OFFENSE, INEFFECTIVE TRIAL COUNSEL ALSO DID NOT MOTION FOR DNA EVIDENCE TO BE DONE ON THE FALL PARTNERS CLOTHING:BOXER SHORTS AND CROTCH AREA OF GARCIA'S PANTS. WE FILED FOR THE DNA & PHONE CALLS WHEN WE STARTED (MOTIONS) THIS WRIT, BUT THESE WERE NOT ADDRESSED BY THE COURT. THE ABOVE WAS MATERIAL EVIDENCE THAT SUPPORTED THE SCENARIO OF SCOTT GIVING GARCIA A BLOW JOB (ROAD HEAD) WHILE DRIVING. THIS WAS AN INDICATION IN NOT ONLY GARCIA'S STATEMENT BUT ALSO THE OFFICERRS TESTIMONY THAT GARCIA'S PANTS WERE UNZIPPED. VOL.4,PG.70,LINE 19-25, PG.71,L.22-25 AND PG.72,LINES 1-28. FALCO HAD DECIDED NOT TO GO WITH THEM TO THE FESTIVITIES, AT SCOTT'S HOME, SO THE PLAN OF A DRUG BUST AT SCOTT'S BRAZORIA HOME WOULD NOT ENTRAP FALCO, SO ANOTHER PLAN WAS QUICKLY HATCHED: SINCE THEY LEFT IN FALCO'S RENTAL CAR, THIS COULD MAKE HER AN ACCESSORY TO THE FAKE KIDNAPPING.(IF THIS WAS THE REAL THING)

INTERESTINGLY: ALTHOUGH GARCIA WAS NOT IN THE CAR AT THE TIME: SCOTT DIDN't SAY SHE WAS KIDNAPPED AND HAD AN OPPORTUN- ITY TO DO SO TO TWO DIFFERENT PEOPLE. THE ACCUSATION COMES LATER. VOL.4,PG.202,LINES 2-13, PG.69 LINES 17-25,PG.70,L.1-22.

1.VOL.4 ,PG.184 LINE:2-13.
2.VOL.4 ,PG. 183 LINE:22-25.AND PG.184 LINE 1.
3.OFFICER WINGO IN HIS TESTIMONY TELLS OF MAKING AN ARREST(PATRICK THOMPSON)(GINO) OUT OF THAT TRUCK.VOL.4,PG.65,L.10-12. ALTHOUGH BOTH HAD DRUGS.VOL.4,PG.        L.

1.

AND ACCORDING TO THE POLICE REPORTS,TIME LINE AND THE TESTIMONY: PRIOR TO PACKING THE CAR: FEMALE OFFICER CARLSON HAD [4] TESTIFIED THAT SHE HAD BEEN WATCHING FALCO'S HOME AND BEEN WATCHING WITH NIGHT VISION GOGGLES. SHE TESTIFIES THAT THERE WAS SOMEONE ON THE PORCH, AND WE KNOW THAT WAS SCOTT BECAUSE THE TWO OF THEM(FALCO AND GARCIA)HAD BEEN GOING BACK & FORTH TO LOAD UP THE TATTOO EQUIPMENT, WHILE SCOTT WAS ON THE PORCH, PACING BACK & FORTH TEXTING AND TALKING ON HER PHONE. AND IF HER TESTIMONY(SCOTT'S) CAN BE BELIEVED,SHE HAD ALREADY BEEN DRUGGED,THREATENED & HAD HER PHONE TAKEN. THE PHONE SHE TESTIFIED WAS TAKEN FROM HER.PERIODS WHEN SCOTT WAS ALONE ON THE PORCH SHE COULD HAVE CALLED OR TEXTED HER HANDLER OR CALLED 911 OR AN S.O.S.THAT SHE WAS IN TROUBLE.SHE DID NONE OF THESE THINGS.(OR) RAN TO A NEIGHBORS HOME FOR HELP.AND PALMERS STATEMENT HAS THEM "CHATTING BACK AND FORTH"SEE POLICE SUPPLEMENTAL REPORT PG.13,PAR.6 AND PG.14,L.1. AND THE ENTIRE TEXTING TO HER SO CALLED "FIANCE" CONTAINS NOTHING OF A PERSON IN DISTRESS!IT BECAME OBVIOUS TO ME THAT FALCO WAS TELLING THE TRUTH AND THIS MAKES THE NEWLY OBTAINED POLICE REPORTS AND SUPPLEMENTAL REPORTS WHICH FALCO HAD NOT KNOW ABOUT:NEWLY DISCOVERED EVIDENCE IN SUPPORT OF HER INNOCENCE.[5] SHE DID NOT KNOW HOW TO GET THE POLICE REPORTS AND IF HER ATTORNEY EVER SAW THESE RECORDS,HE NEVER READ THEM.AND IF I, BEING A LAY PERSON COULD FIND THESE REPORTS OR THE SO CALLED RED HERRING, (SCOTT'S TESTIMONY)SURELY HER DEFENSE ATTORNEY COULD HAVE! LIKE FALCO TOLD ME:"I'M GUILTY OF MANY THINGS,BUT KIDNAPPING IS NOT ONE OF THEM!"THIS EXCULPATORY EVIDENCE OF INNOCENCE ALTHOUGH FALCO  IS AN EX FELON, CAN BE SHOWN THAT SHE IN FACT,IS TELLING THE TRUTH.WHEN I ASKED HER ABOUT THIS,SHE TOLD ME,"IF I HAD KIDNAPPED A PERSON, SHE WOULD NOT BE IN THE PASSENGER SIDE OF THE RENTAL CAR,SHE'D BE ING THE TRUNK!"AND FALCO ALSO STATED SHE OWNED SEVERAL PAIRS OF REAL HANDCUFFS,AND HAD THIS BEEN A REAL KIDNAPPING,SHE WOULD NOT HAVE BEEN CONCERNED ABOUT THE VICTIMS(SCOTT) COMFORT AND USED SOFT BANDANAS!(OR CLOTH NECK TIES)TO TIE HER UP WITH & IF YOU ARE IN THE BUSINESS OF SELLING DRUGS,YOU WOULD NOT WASTE YOUR MERCHANDISE TO ACCOMPLISH A KIDNAPPING! & SINCE ALL THREE OF THE PEOPLE INVOLVED(SCOT,ME & GARCIA) PRACTICED S&M/BONDAGE,ACCORDING TO FALCO:"I WOULD NOT HAVE GIVEN HER A GOOD TIME OF DRUGS,THREATENING/TIEING HER UP!

AND IF YOU WERE GOING TO KIDNAP A PERSON, YOU WOULD NOT WANT ANYONE TO KNOW THE PERSON WAS LAST SEEN AT YOUR HOME! ANOTHER DESCREPENCY IS IF YOU PLANNED TO KIDNAP SOMEONE WHY WOULD YOU GO TO THE TROUBLE OF LOADING UP ALL THE HEAVY TATTOO EQUIPMENT? THE,TATTOO THINGS HAD BEEN STORED WITH FALCO A LONG TIME AND WHY MOVE THEM IF YOU ONLY PLANNED TO KIDNAP SOMEONE? ALL THE TATTOO THINGS WERE IN THE CAR WHEN THE STOP WAS MADE.VOL.4,PG.48,LINE 25,PG.49 LINES 1-10.

THERE IS ALSO THE CONFLICTING TESTIMONY OF WHY SCOTT WENT VOLUNTARILY TO FALCO'S HOUSE SUPPOSEDLY TO RETURN THE WEED EATER THEY HAD BORROWED.SCOTT TESTIFIED THAT SHE RETURNED THE WEED EATER IN HER TRUCK,BECAUSE WHEN FALCO WAS AT HER HOUSE TO RETRIEVE TOOLS SHE HAD LOANED THE COUPLE,HER CAR WAS SO FULL THAT SHE DIDN'T HAVE ROOM TO PUT THE WEED EATER IN THE RENTAL CAR.AND SCOTT GOES THROUGH AN ELABORATE STORY OF RETURNING THE WEED EATER IN HER TRUCK AND SHE WAS CAREFUL TO PUT IT IN THE GARAGE AND MAKE SURE THE DOOR WAS SHUT IN THE GARAGE.VOL.4,PG.146 L.1-9 .THIS REASON IS SHOWN TO BE ANOTHER LIE SCOTT TESTIFIED TO:IN THE STATEMENT WILLIAM(BILLY) PALMER(SCOTT'S FIANCE)GAVE TO POLICE,HE RELATES THAT HE PACKED THE WEED EATER UP FOR FALCO AND PUT IT IN HER RENTAL CAR.THIS IS SHOWN  TO STILL BE IN THE RENTAL

4.VOL.4,PG.93,LINE 24-25 AND PG.94 Line 1-10.

5.CODE OF CRIMINAL PROCEDURE ART.11.07,ALTHOUGH THIS IS THE FIRST WRIT OF HABEAS CORPUS, FALCO HAS FILED,THE NEWLY DIS-COVERED EVIDENCE OF ACTUAL INNOCENCE COULD NOT HAVE BEEN PRESENTED PREVIOUSLY BECAUSE IT WAS UNKNOWN TO FALCO,& WAS NOT ADDRESSED IN ANY PRIOR APPEAL.(DIRECT APPEAL)AND THE BASIS OF THIS WRIT WAS NOT AVAILABLE TO FALCO BEFORE NOW, BECAUSE SHE DID NOT KNOW OF ITS EXISTENCE AND WAS NOT ABLE TO OBTAIN THE RECORDS BEFORE THE PRESENT TIME.AND DURING PANDEMIC: WORKING ON THE WRIT WAS HAMPERED BY ALMOST NO ACCESS TO THE LAW LIBRARY AND THE ISOLATION OF DORMS KEPT THE WRIT WRITER AND THE APPLICANT FROM HAVING A CHANCE TO COLLABORATE ON THE WRIT.RELIEF ON BASIS OF INNOCENCE AND NEWLY DISCOVERED EVID-ENCE THRESHOLD, IF TRUE CREATES DOUBT AS TO "EFFICACY OF VERDICT SUFFICIENT TO UNDERMINE THE CONFIDENCE IN THE VERDICT.& GIVES REASONABLE PROBABILITY THAT NEW EVIDENCE WOULD HAVE GIVEN A DIFFERENT OUTCOME. & NO RATIONAL JUROR WOULD HAVE CONVICTED HER IN LIGHT OF THIS EVIDENCE.STATE EX REL. HOLMES V.HONOR ABLE COURT OF APPEALS FOR 3rd DIST. (CR.APP.1994).

CAR WHEN IT WAS STOPPED BY POLICE. (POLICE SUPPLEMENTAL REPORT PG.5 PAR. 6) THIS GIVES
THE LIE TO SCOTT'S ALIBI ABOUT WHY SHE WENT TO FALCO'S HOME.(SUPPOSEDLY TO RETURN WEED EATER)
AND PALMER SPOILS THAT STORY BY TELLING POLICE HOW HE PUT THE WEED EATER IN THE RENTAL CAR
THIS IS ONLY ONE OF THE BLATANT LIES THAT  PROVE THE VICTIM IS NOT KNOWN FOR HERVERACITY.
THE JURY IN FALCO'S CASE WAS NEVER SHOWN THE CONFLICTS IN WITNESSES TESTIMONY, BY AN
INEFFECTIVE TRIAL COUNSEL! AND GARCIA, WITHOUT HAVING HAD ANY CONVERSATION WITH FALCO  TELLS
THE POLICE IN HIS STATEMENT: THAT SCOTT BEGGED HIM TO "HAVE HIM TAKE HER, TIE HER UP AND
PULL HER HAIR AND FUCK HER DOWN!" AND THAT " SHE WANTED IT THAT WAY (POLICE SUPPLEMENTAL
REPORT PG.21 PAR. 3)  IF EVER SOMEONE WAS INNOCE T OF A CHARGE, IT IS MS. FALCO. ALL ONE
HAS TO DO IS JUST LOOK!

STATE OF TEXAS

COUNTY OF GALVESTON

## UNSWORN DECLARATION

THE FOLLOWING DECLARATION IS MADE PURSUANT TO FEDERAL LAW, 28 U.S.C.A.
1746 AND STATE LAW, V.T.C.A. CIVIL PRACTICE AND REMEDIES CODE 132.001-132.003.

I Sherry Moore Nance TDCJ -ID # S 44805   BEING PRESENTLY INCARCERATED IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE – INSTITUTIONAL DIVISION, CAROLE S. YOUNG MEDICAL FACILITY, GALVESTON COUNTY, TEXAS, DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE AND FOREGOING IS TRUE AND CORRECT.

EXECUTED ON 11/10/2022

/s/ S. Nance

111 E. Locust, Ste. 500
Angleton, TX 77515

www.brazoriacountytx.gov



979-864-1316
979-388-1316
281-756-1316



# DONNA STARKEY
## DISTRICT CLERK
### BRAZORIA COUNTY

May 24, 2022

Deborah Marie Falco, TDCJ #2149904
Carol Young Complex
5509 Attwater Ave.
Dickinson, TX 77539

RE:    Cause No: 75551-CR-A in the 412th District Court
       Styled:  The State of Texas vs. Deborah Marie Falco

Dear Ms. Falco:

   Enclosed you will find a copy of the following document(s) which have been filed in our office:

           1.   Affidavit of Crespin Linton


Sincerely,
**DONNA STARKEY, District Clerk**




DS/mc
Enclosure

Filed for Record
5/23/2022 1:50 PM
Donna Starkey, District Clerk
Brazoria County, Texas
75551-CR
Moriah Cahoon, Deputy

## No. 75551-CR-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| DEBORAH MARIE FALCO | § | 412th JUDICIAL DISTRICT |

## <u>AFFIDAVIT OF CRESPIN MICHAEL LINTON</u>

**THE STATE OF TEXAS**          §

**COUNTY OF BRAZORIA**          §

BEFORE ME, the undersigned authority, on this day personally appeared CRESPIN MICHAEL LINTON, known to me to be the person who, being duly sworn on his oath deposed and said as follows:

My name is CRESPIN MICHAEL LINTON. I am of sound mind, above the age of eighteen years, capable of making this affidavit, and personally acquainted with the facts herein stated, which are true and correct.

Ms. Deborah Falco alleges that I was ineffective for the following three (3) reasons:

1) **Advising Applicant She Could Not Testify Because She Was A Convicted Felon At The Time Of Trial.**

I deny this allegation because I informed Ms. Falco that she had a right to testify at trial and tell her story, <u>but I also warned her that the prosecutor would likely be allowed to ask her about her previous felony conviction for Aggravated Assault With</u>

\* I was not worried, the "weapon" was a car and it was an accident. He told me I couldn't testify because I was a convicted felon and not creditable!

A Deadly Weapon. I never told her that she could not or should not testify. I left that decision to her.

### 2) Failure To Develop Exculpatory And Mitigating Evidence.

I deny the allegation that I failed to develop exculpatory and mitigating evidence. I did not believe that DNA testing of the bandana to find the presence of the co-defendant's sperm would have aided Ms. Falco's defense. First, the complaining witness, Karri Scott, testified that she did not perform oral sex on the co-defendant, Mr. Garcia, in the vehicle driven by him. Second, the presence of Garcia's sperm on the bandana would not have affected Scott's testimony that Falco and Garcia forced her into Garcia's vehicle at gunpoint.

I also deny that calling an expert witness on the subject of sadomasochism would have aided Falco's defense. At trial, Scott testified that she liked bondage and enjoyed having sex while tied up. So, there was no question that she enjoyed sadomasochism. However, she testified that Falco and Garcia kidnapped her at gunpoint and denied that the kidnapping was part of a game of bondage. Having an expert testify about the intricacies of bondage and sadomasochism would not have countered Scott's denial that she was involuntarily bound, gagged, and taken by Falco and Garcia.

I deny that I refused to call any witnesses she may have provided me due to a conflict of interest. Ms. Falco did not provide me a list of witnesses who had any personal knowledge of this alleged kidnapping who I would call to testify during the guilt/innocence phase of the trial.

*[handwritten left margin]* my attorney took the word of the prosecutions (DA's) witness!!!

*[handwritten right margin]* * Notice He Never mentions Mr. Garcias boxers or Crotch of his pants which would have shown Ms. Scotts Silva. and her CONSENT!

*[handwritten bottom]* * I have affidavits where material witness went as far as to go to the court house to introduce himself to mr. Linton (Robert McFerran)

I deny that I failed to investigate Ms. Scott's history because I cross-examined her about the felony charge of Forgery for which she had been arrested prior to Ms. Falco's trial. Ms. Falco did not provide me any witnesses for me to interview who could testify that Ms. Scott had previously lied about being kidnapped when it was just a game of bondage. As mentioned previously, Scott admitted before the jury that she enjoyed sex bondage.

The fact that no fingerprints were taken from Falco's safe or from the items found in Garcia's car was irrelevant to Scott's testimony that Falco and Garcia kidnapped her at gunpoint. Additionally, the items Falco referred to as a "Kill Kit" were found in Garcia's car and not in Falco's home.

**3) Failure To Develop A Defense That Scott Was An Informant.**

I deny this allegation because as previously mentioned in my response about failing to investigate Scott's history, I cross-examined Scott on her arrest and indictment for the felony of Forgery. Scott never testified that the State would give her a lesser sentence in exchange for her testimony against Falco. I believe it is unlikely that a jury would believe that Scott was a paid informant who was helping the State convict Falco while Scott herself was facing a possible prison term for Forgery.

SIGNED on this 23rd day of MAY 2022.

CRESPIN MICHAEL LINTON

*Scott got 3yrs probation in 2017 after testifying against me on a felony charge from 2015 where she tried to cash a Counterfiet $50 then passed out in a running truck. Forgery?

3

SIGNED under oath before me by Crespin Michael Linton on the _23_ day of _May_, 2022.

**TRACY GONZALES**
Notary Public-State of Texas
Notary ID #13347954-6
Commission Exp. NOV. 29, 2025

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

\* Also note No Fingerprints were ever found on the gun or baton I ~~alledged~~ allegedly held on her just minutes prior to police pulling them over!

4

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Crespin Linton
Bar No. 12392850
crespin@hal-pc.org
Envelope ID: 64758329
Status as of 5/24/2022 8:18 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Trey David Picard | 24027742 | treyp@brazoria-county.com | 5/23/2022 1:50:46 PM | SENT |

Associated Case Party: DeborahMarieFalco

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Crespin Michael Linton | | crespin@hal-pc.org | 5/23/2022 1:50:46 PM | SENT |

CAUSE # 75551-CR-A

DEBORAH MARIE FALCO                                                    COURT OF CRIMINAL APPEALS
DEFENDANT/APPELLANT PROSE                                              AUSTIN, TEXAS
VS
STATE OF TEXAS

COPY

MOTION TO RELEASE ALL EXIBITS AND ANY OTHER EVIDENCE TO THE UNITED STATES DISTRICT COURT

COMES NOW MOVANT, PRO SE, DEBORAH MARIE FALCO TDCJ ID #02149904..CURRENTLY INCARCERATED AT THE CAROL YOUNG MEDICAL FACILITY LOCATED AT 5509 ATTWATER AVE. IN DICKINSON TEXAS 77539. THIS MOTION IS TO REQUEST THAT ALL EXIBITS, COURT TRANSCRIPTS, AND ALL OTHER DOCUMENTS PERTAINING TO THE 11.07 WRIT OF HABEAS CORPUS OF ABOVE CAUSE NUMBER BE RE-LEASED AND SENT TO THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT LOCATED AT 601 ROSENBURG STREET GALVESTON TEXAS 77550 WITHIN 60 DAYS OF THIS MOTION BEING SIGNED BY MOVANT SO THAT SAID COURT MAY REVIEW THIS EVIDENCE WHILE CONSIDERING APPELLANTS NOTICE TO APPEAL CASE BASED ON IT'S MERITS.

PRAYER

MOVANT NOW PRAYS THAT HONORABLE JUDGE OF THE COURT OF CRIMINAL APPEALS WILL GRANT THIS MOTION TO RELEASE ALL EXIBITS AND ANY OTHER EVIDENCE TO THE UNITED STATES DISTRICT COURT.

THIS MOTION SIGNED BY MOVANT ON THIS 21 DAY OF December 2022.

Deborah M Falco #02149904
DEBORAH MARIE FALCO TDCJ ID #02149904

ON THIS ___ DAY OF _____ 202_, I THE HONORABLE JUDGE OF THE COURT OF CRIMINAL APPEALS DO HEREBY GRANT THIS MOTION TO RELEASE ALL EXIBITS AND ALL OTHER EVIDENCE TO THE UNITED STATES DISTRICT COURT.

HONORABLE JUDGE   COURT OF CRIMINAL APPEALS

## NOTICE OF APPEAL

COMES NOW APPLLANT PROSE, DEBORAH MARIE FALCO TDCJ ID # 02149904. THE AEDPA WILL NOT ALLOW DEFENDANT TO FILE A FEDERAL HABEAS CORPUS U.S. 22.54. THE COURT OF CRIMINAL APPEALS HAS DENIED ME HABEAS RELIEF BASED ON THE TRIAL COURTS RECOMMENDATION RATHER THAN ON IT'S MERITS. THEREFORE MY NEXT PLEA FOR REVIEW IS TO THE UNITED STATES DISTRICT COURT. I BEG THE HONORABLE SAID COURT TO PLEASE REVIEW MY 11.07 WRIT OF HABEAS CORPUS BASED SOLEY ON IT'S MERITS. I ASK THIS DUE TO MY ACTUAL INNOCENCE,EXCEPTIONS,NEW EVIDENCE, THE DENIAL OF D.N.A. TESTING,  AND A CHANCE AT JUSTICE THROUGH DUE PROCESS AND EQUAL PROTECTION OF THE LAW PURSUANT TO UNITED STATES CONSTITUTION AMMENDMENT 5 AND 14. THE FOLLOWING IS BASED ON TANGABLE PROOF THROUGH EXIBITS NEVER BEFORE AVAILABLE UNTIL DEFENDANT RECIEVED HELP WITH HER 11.07 WRIT OF HABEAS CORPUS. THESE EXIBITS WERE SUBMITED TO  THE COURT OF CRIMINAL APPEALS IN THE ABOVE CAUSE NUMBER AND ARE IN THE FORM OF THE FOLLOWING:

*NEWLY AQUIRED EVIDENCE IN THE FORM OF POLICE REPORTS WHICH WHEN COMPARED TO TRAIL TRANSCRIPTS, TESTIMONY BY MS. SCOTT (VICTIM) DOES NOT COINSIDE. FOR EXAMPLE: ON THE NIGHT OF THE INSODENT ON  1-10-15 MS.SCOTT STATES HER WHOLE REASON FOR FOLLOWING US TO MY HOUSE THAT NIGHT WAS "TO LOOK AT SOME STUFF". (POLICE SUPPLEMENTAL REPORT PG.23PAR.2) YET AT TRIAL SHE GIVES A VERY DETAILED(AND PROVED TO BE FABRICATED) STORY OF THE REASON BEING WAS SHE FOLLOWED US "TO RETURN A WEED EATER THAT WOULD NOT FIT IN MY RENTAL CAR"(VOL4PG.19LINES1-24) HER FIANCE, MR.PALMER EVEN PROVES HER COURT TESTIMONY TO BE FALSE WHEN HE TELLS POLICE THE NIGHT OF THE INCIDENT THAT HE LOADED THE WEED EATER INTO THE BACK SEAT OF MY CAR HIMSELF THAT NIGHT BEFORE WE LEFT THEIR HOUSE (POLICE SUPPLEMENTAL REPORT PG.13PAR.6)  WHICH IS CONFIRMED EVEN MORE THAT THET TRUTH FOR MS. SCOTT FOLLOWING US TO MY HOUSE THAT NIGHT WAS TO EXCHANGE ORAL SEX FOR A FREE TATTOO WITH MR. GARCIA. THATS WHY THE ENVENTORY OF THE CAR THEY LEFT POLICE ON AFTER LEAVING MY HOUSE TOGETHER STILL HAD THE WEED-EATER IN THE BACK SEAT ( POLICE SUPPLEMENTAL REPORT PG.5PAR.6) ALONG WITH ALL THE TATTOO EQUIPMENT WE LOADED INTO THE CAR WHILE THE THREE OF US WERE AT MY HOUSE BEFORE MS.SCOTT AND MR. GARCIA LEFT IN MY CAR.(VOL4PG.49LINES1-10). MR. GARCIA ALSO STATES WHAT WAS GOING ON IN HIS INTERVIEW AS SOON AS HE IS RELEASED FROM THE HOSPITAL FOR A DRUG OVER DOSE WITH MS.SCOTT. HE TELLS THE DETECTIVE "SHE WANTED IT LIKE THAT THE!SHE WANTED ME TO TAKE HER SOME WHERE , TIE HER UP, PULL HER HAIR AND FUCK HER DOWN."(POLICE SUPPLEMENTAL REPORT PG.21PAR.3) THEY WERE EVEN PULLED OVER TURNING INTO JASMIN PARK AT ABOUT MIDNIGHT TO CONTINUE TO FOOL AROUN BEFORE GOING BACK TO MS.SCOTT'S HOME WHERE HER FIANCE WAS. (VOL.4PG.49LINES17-18)

*AFFIDAVIT OF TRIAL ATTORNEYS FAILURE TO DO D.N.A. TESTING BECAUSE "THE VICTIM SAID SHE DID NOT HAVE ORAL SEX WITH MR.GARCIA".(SEE ENCLOSED AFFIDAVIT. I TOOK IT UPON MYSELF TO FILE A MOTION FOR D.N.A TESTING WHICH WENT UNANSWERED. (SEE CLERK'S RECORD) PROVING MS.SCOTT'S  SILIVA ON MR.GARCIA'S CROTCH OF HOS PANTS AND BOXERS WOULD HAVE PROVED SHE WAS THER OF HER OWN CONSENT THAT NIGHT AND THAT SHE WAS NOT KIDNAPPED. IT WAS JUST A WAY TO GET OUT OF GOING TO JAIL WITH MR.GARCIA BECAUSE THE WERE BOTH VERY MUCH UNDER THE INFLUENCE OF A CONTROLLED SUBSTANCE AND SHE KNEW THE OFFICER AND  THAT OFFICER KNEW HER FIANCE MR. PALMER(VOL4PG.41LINES 3-9)

*PROOF OF ENTRAPMENT THROUGH AFFIDAVITD FROM MR. MCFERRAN AND MS.PRICE(SEE EXIBITS)AS WELL AS MR. PALMER'S "TIMELINE" STATEMENT TO POLICE (POLICE SUPPLEMENTAL REPORT PG.13PAR.6 & PG. 14PAR.1) WHICH ALSO SPOILS MS. SCOTT'S PSEUDO KIDNAPP-ING STORY.

*PROOF VIA AFFIDAVIT FROM MATERIAL WITNESS ROBERT MCFERRAN, WHO EVEN WENT TO THE COURT HOUSE TO INTRODUCE HIMSELF TO MY TRIAL ATTORNEY AND WAS TURNED AWAY AND NEVER CONTACTED. HE ALONE COULD HAVE PROVED MS.SCOTT A LIAR ON SEVERAL OF HER COURT TESTIMONIES. HE WAS THER THE EVENING SHE AGREED TO DO A TITLE LOAN ON HER TRUCK TO REPLACE THE MONEY HER FIANCE HAD STOLEN, THAT I RETRIEVED THE TWO PISTOLS FROM HIM THAT DAY BECAUSE I NEVER KEPT GUNS IN MY HOUSE. HE HAD THEM STORED FOR MONTHS. THAT SHE DID NOT TAKE ME TO RETRIEVE THE GUNS FROM HIS HOUSE AS SHE STATED IN COURT. TO OFFICER WINGO PULLING HIM OVER AND TELLING HIM " I HOOKED GINO( ROBERT THOMPSON) UP WITH SOME METH, YOUR GIRLFRIEND(ME) IS NEXT AND IF YOU LAY WITH DOGS YOU TOO WILL GET FLEAS" ROBERT THOMPSON IS THE ARREST OFFICER WING ADMITTS TO MAKING ABOUT A WEEK PRIOR TO MY ARREST OUT OF MS. SCOTT'S TRUCK(VOL4PG.65LINES10-12) THIS ALSO HINTS TO MS. SCOTT BEING AN INFORMANT.

*PROOF THAT MY TRIAL ATTORNEY SIGNED OFF TO DESTROY EVIDENCE(WHICH WAS MOST LIKELY IN MY FAVOR) ON THE SAME DAY I PASSED OUT IN COURT, WAS HOSPITALIZED,AND WAS GRANTED A MOTION FOR A DIRECT APPEAL.(EXIBIT#28)

*PROOF OF PURGERY AND ENTRAPMENT STRAIGHT OUT OF OFFICER WINGO'S MOUTH IN TRIAL! (VOL4PG.38 LINES 14-17 &PG.65 LINES 10-16).

1

THESE ARE JUST A FEW OF THE PROOFS AND VIDAL EVIDENCE YOU WILL FIND IF YOU THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT WILL JUST PLEASE TAKE A MOMENT TO REVIEW MY 11.07 WRIT OF HABEAS CORPUS THAT I SUBMITTED TO THE COURT OF CRIMINAL APPEALS. BY REVIEWING THIS EVIDENCE YOU WILL SEE MY ACTUAL INNOCENCE AND I WILL FINALLY SEE JUSTICE AND BE SHOWN MERCY. FOR I AM NOT A KIDNAPPER!

PRAYER

APPELLANT PRAYS THAT THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT GRANTS MY NOTICE OF APPEAL AND REVIEWS MY 11.07 WRIT OF HABEAS CORPUS BASED SOLEY ON IT'S MERITS. FOR THIS I THROW MYSELF ON THE MERCY OF THE COURT.

ON THIS 27 DAY OF December 2022.  I HEARBY SWEAR THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DEBORAH MARIE FALCO TDCJ ID # 02149904

ON THIS ___ DAY OF _____ 202_. I THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT, DO HEAR BY GRANT THIS NOTICE OF APPEAL FOR THE 11.07 WRIT OF HABEAS CORPUS CAUSE #75551-CR-A TO BE REVIEWED BASED ON IT'S MERITS.

HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

To:_____Deborah M. Falco_____ Date:___1/12/2023_____

Re:___Notice to appeal_____

From:  Nathan Ochsner, Clerk
       United States District Court
       Southern District of Texas
       P. O. Box 2300
       Galveston, TX  77553

_____

**Your materials are being returned to you for the following reason(s):**

\_\_\_\_   Your materials are incoherent/unintelligible.

\_\_\_\_   Your pleading must bear a civil action number.      CAUSE # 75551-CR-A

__x__   The clerk's office is unable to locate a case currently pending under your name.

\_\_\_\_   The court is unable to grant relief unless requested through a proper motion in a pending case.

\_\_\_\_   If you wish to bring your complaint to the court's attention by way of a civil rights suit or a habeas corpus petition, you may request the proper forms from the clerk.

\_\_\_\_   A motion cannot be filed unless you have a case pending in this court.

\_\_\_\_   The clerk can only file instruments which pertain to cases filed in this court.

\_\_\_\_   The clerk's office is unable to render legal advice.  You should refer to the law books maintained in the institutional library or writ room of the unit in which you are confined.

\_\_\_\_   The Court has furnished the Local Rules to the institutional library or writ room.  Other copies of the Local Rules may be obtained upon payment of $0.10 per page, in advance, in the form of a cashier's check or money order made payable to the United States District Court.  **Personal checks will not be accepted**.

\_\_\_\_   Other:_____   1-27-23

I'm Appealing the C.C.A. decision to
deny my writ based on the trial courts
recommendation and for you to read
my writ based on it's merits

To: Ms. Lucinia Smith
    Clerk / Deputy in Charge

12-27-22

Dear Ms. Smith,

   Please file this notice to appeal with the District Court. I filed it with the Fifth Circuit but they refered me back to your court. Thank you so much for your time and consideration in this matter.

                          Respectfully
                          Deborah M Falco
                          Deborah M Falco
                          #02149904
                          Carol Young Medical Facility
                          5509 Attwater Ave
                          Dickinson, TX 77539